## ROYALTY INDEMNITY CO. v. MADRIGAL.
### (No. 1779.)

Court of Civil Appeals of Texas. Beaumont.
Feb. 16, 1929.

Hunt, Teagle & Moseley and C. A. Teagle, all of Houston, for appellant.

Perkins & Butts, of Houston, for appellee.

O'QUINN, J. Appellee filed this suit in a district court of Harris county, Tex., to set aside an award of the Industrial Accident Board.

Her petition contained the usual and necessary allegations. Appellant answered by general denial and by cross-action, asking judgment in its favor on its plea that the deceased was not injured and did not die from an injury received in the course of his employment.

The case was tried to a jury upon special issues, in answer to which they found that deceased, Madrigal, was injured in the course of his employment; that he received his injuries while engaged in and about the furtherance of the business of his employer, Griswold's Sons; and that appellee should receive compensation in a lump sum. On the findings of the jury judgment was

entered in favor of appellee. Appellant's motion for a new trial was overruled, and it seeks to set aside said judgment by this appeal.

The record reflects: That on September 10, 1927, Antonio Madrigal, husband of appellee, was an employé of J. M. Griswold's Sons, contractors, doing street work in the city of Houston. Griswold's Sons were sub-scribers under the Workman's Compensation Act (Rev. St. 1925, arts. 8306–8309), and carried a policy of insurance with the Royal Indemnity Company, covering its employés, which on said date was in full force and effect. That on said date Madrigal was working as a "gravel spreader," and after work hours and after he had quit work for the day, he mounted a truck that had been hauling gravel to be used in the work being done, but which truck did not belong to his employer, Griswold's Sons, and over which they exercised no control, it being hired from one J. B. Davidson, who was in the hauling business and operated trucks to haul gravel to be paid for by the load. That while going from the place where work ceased on this Saturday evening, to the office of Griswold's Sons, for the purpose of being paid for work done prior to and up to and including Thursday of that week, the truck turned over, injuring Madrigal, from which injury he died. The point at which Madrigal was injured was not on his employer's premises, but was some mile and a half therefrom and half a mile from the place of work. Appellee gave proper notice of the injury and claim for compensation, and duly filed her claim before the Industrial Accident Board. Said claim was heard by the Industrial Accident Board which on November 26, 1927, made a final award, and appellee not being satisfied with said award gave notice that she would not abide same and in due time filed this suit to set same aside. Appellant also gave notice that it was not satisfied with said award and would not abide same, and in answer to the instant suit, within the required time, by cross-action set up its suit to set aside said award.

■ There was no error in the court's refusing to submit appellant's special requested issue inquiring whether deceased's employer, Griswold's Sons, contracted to furnish deceased with transportation to and from his work. The undisputed evidence showed that transportation was no part of deceased's contract of employment. Undisputed facts are not to be found by the jury.

The court did not err in refusing to submit appellant's requested issue as to whether the truck from which deceased fell, thus receiving the injury from which he died, was the property of and under the control of one Davidson or his employé. It was undisputed that Davidson was the owner of the truck, and that appellant had no control over same, other than to merely point out to the driver where to dump the gravel. The finding of undisputed facts should not be submitted to the jury.

Appellant's first and second propositions assert error in the court's refusing its request for an instructed verdict in its favor, and its sixth, seventh, and eighth propositions complain that the jury's findings that deceased was injured in the course of his employment, and that he received his injury while engaged ·in and about the furtherance of his master's business, are without support in the evidence. As those propositions raise the same question whether appellee had the right, under the evidence, to recover, we shall consider them together.

■ We think the rule is well settled by the great weight of authority that where an employé's work for the day has ended and he has been checked out, and the master has no further control over him and has not contracted to furnish him with transportation to and from his place of labor, and he proceeds to leave the place of his labor, choosing his own route and method of travel, and for his personal convenience voluntarily mounts a truck, not the property of nor under the control of his employer, and while thus traveling, and not on the premises of his employer, he is injured by a mishap to the truck, his injury cannot be said to have been received in the course of his employment, and therefore is not compensable under the Workmen's Compensation Law. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949 (writ refused); Diaz v. Warren Bros. Co., 95 Conn. 287, 111 A. 206; Kowalek v. New York Railway, 229 N. Y. 489, 128 N. E. 888; Rausch v. Standard Shipbuilding Co., 111 Misc. Rep. 450, 181 N. Y. S. 513; Tallon v. Railway, 232 N. Y. 410, 134 N. E. 327, 21 A. L. R. 1218; Swanson v. Latham, 92 Conn. 87, 101 A. 492; London Guaranty & Accident Co. v. Smith (Tex. Civ. App.) 290 S. W. 774 (writ refused); Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857.

■ But appellee, by various propositions, insists:

(a) That although deceased's work for the day had ended and he had left the place of his work and was riding a truck that did not belong to his master and over which his master had no control, and his master being under no obligation to furnish him transportation, and although deceased was not on or about or near to his master's premises at the time he received his injury, nevertheless the relation of employer and employé still existed, for in that deceased was on his way from the place where his work for the day ended to the office of his employer for the purpose of getting his pay for work done;

(b) That deceased's employment did not

necessarily cease when the work actually being done by him ended for the day, but that it included the time in going from the place of work to the pay office of his master to receive his wages, and that his injury therefore arose out of and was received in the course of his employment;

(c) That although deceased had ceased his actual labors for the day and had left his place of work and was not on or about the premises of his master when injured, nevertheless at the time he received his injury he was as much under the control of his master and was as much performing services for his master as though he was actually performing the labor for which he was employed, because at the time of being injured he was on his way from the place of his labors to the pay office of his master, where he was required to go to receive his pay; and

(d) That being on his way to the pay office of his master to receive his pay, he was performing a duty or service connected with his employment and in the furtherance of the affairs of his employment, and as a part of the contract of employment, by reason of all which the judgment should be affirmed.

The above contentions are to the same effect: That because deceased, although after work hours and not on or about his employer's premises and traveling on the route and in the manner of his own selection, and without restraint or under the control of his master, in going to the office of his employer for the purpose of being paid his wages, was injured on the way, he had not ceased work for his employer, but at the time of his injury was performing services for his employer by going to the place required to receive his pay, and therefore was entitled to compensation because said injury was received in the course of his employment. We do not believe this contention can be sustained. As a general rule, a workman who has ceased his work for the day and is on his way to the office of his employer to obtain his pay, or after obtaining such pay is leaving the premises of his employer and is injured on the premises of his employer, will be held entitled to compensation. Crane Co. v. Industrial Com., 306 Ill. 56, 137 N. E. 437; Riley v. William Holland & Sons (Eng.) 1 K. B. 1029, 4 B. W. C. C. 155; Nelson v. Belfast Corporation, 42 Irish Lt. 233, 1 B. W. C. C. 158; Lowry v. Sheffield Coal Co. (Eng.) 1 B. W. C. C. 1.

Appellee cites us to and relies upon the case of Riley v. William Holland & Sons, supra, to sustain her contention. We think that case is not at all on all fours with the instant case on the facts. There the injured employé had not only gone to the office of her employer to obtain her pay, but was actually on the premises of her master at the time she was injured. Not so in the instant case.

In Nelson v. Belfast Corporation, supra, the employe's contract of employment called for pay for the time required in going to and from the pay office. Not so in the instant case.

While it has been held, as stated above, that an employé, who after work hours has gone to the office of his employer to obtain his pay and is injured while on the premises of his employer is entitled to compensation, it is equally as well settled that when the employé, after work has ceased, goes to the office of his employer to be paid for his work, and in going to or after leaving his employer's premises, and while not on his employer's premises, the employé is injured, the injury does not occur in the course of his employment, and is not compensable. Parker v. Pont (Eng.) 5 B. W. C. C. 143; Phillips v. Williams (Eng.) 4 B. W. C. C. 143; Ames v. New York Central Railway, 178 App. Div. 324, 165 N. Y. S. 84; London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857.

The case of Parker v. Pont, cited supra, is very similar on the facts to the case at bar. There a farm laborer had, at the end of his day's work, to go about two miles from his place of work to the farm of his employer to receive his pay and get instructions for the next day's work. A fellow workman happened to be going the same way with a cart and invited him to ride therein. The workman did so and was thrown out and injured on the way by the horse suddenly starting. Claim was made for compensation and was refused, it being held that the accident and injury did not arise out of or in the course of his employment.

In Ames v. New York Central Railway, supra, Ames was a yard engineman, and when he had completed his work for the day he turned in his engine and his time slip showing his work completed. He then started to the pay office of his employer some distance away, and on the way walked some 1,000 feet along the railway tracks and crossed over another street and onto some railway tracks on that street, which were elevated tracks and not used in connection with the work he did, for the purpose of catching a passing freight train and riding it to the place where he could collect his pay. He was struck by a passing freight train and killed. It was held that he was not at the place of his injury by any authority of his employer and was not at said place on any business in behalf of his employer, but was there for purposes of his own. In the instant case the deceased, Madrigal, had no authority from his employer to be where he was when the accident occurred, and was not there on any business in behalf of his employer, but was there for purposes of his own.

While London Guarantee & Accident Co. v. Thetford, supra, did not involve the

question of whether an employé injured while off the premises of his employer en route to the office of his employer to be paid his wages was entitled to compensation, yet it does emphatically hold that, as in the instant case, where there is no obligation on the part of an employer to transport an employé to and from his place of work, and that while such employé is going to or returning from his place of labor, in furtherance of his own purposes and affairs, he voluntarily takes passage on some passing vehicle to reach his place of work and is injured while riding such conveyance, is not entitled to compensation because the injury was not sustained in the course of his employment. It occurs to us that in that case the injured employé was at least as much engaged in the furtherance of his master's business and performing services for his master in going to the place of his work to earn wages as was the injured employé in the instant case in going to the office of his employer to collect wages already earned. We think the reasoning in the one case is applicable to the other.

From what we have said it follows that the court erred in refusing appellant's requested peremptory instruction for a verdict in its favor.

The judgment is reversed, and judgment there rendered for appellant.