Treski *v.* Glen Alden Coal Company, Appellant.

Argued March 2, 1937.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*J. H. Oliver*, with him *Franklin B. Gelder*, for appellant.

*P. L. Walsh*, of *Walsh & Fadden*, for appellee.

OPINION BY STADTFELD, J., April 15, 1937:

This is an appeal from the decision of the Court of Common Pleas of Lackawanna County, affirming an award of compensation made by the Workmen's Compensation Board.

The facts are correctly set forth in the first opinion of the court below by HOBAN, J., from which we quote: "From the record and from the findings of fact, it appears claimant, prior to April 1, 1932, had been regularly employed at the Cayuga Shaft of the Storrs Colliery of the Glen Alden Coal Company as a contract miner. The Shaft closed down on that date and there was no further work. The claimant, however, as is the custom in the anthracite mining industry, left his tools in his working place, ready to resume work when the Cayuga Shaft resumed operations. There is no evidence of any discharge or termination of employment other than the fact, if it can be considered as such evi-

dence, that the shaft shut down on the day mentioned. However, on May 5, 1932, the following notice was posted at the Storrs Colliery: 'Notice: Storrs Colliery, May 5th, 1932. ALL MINERS AND OTHERS WHO WORKED AT THIS COLLIERY ARE HEREBY NOTIFIED TO REMOVE THEIR TOOLS AND ANY OTHER PERSONAL BELONGINGS FROM THE PROPERTY AT ONCE. MINERS RETURNING POWDER IN GOOD CONDITION TO THE COMPANY STOREHOUSE WILL BE GIVEN CREDIT THEREFOR. G. V. O'Hara, Assistant to the General Manager.'

"Pursuant to the above notice, on May 10, 1932, the claimant went into the mines to get his tools and was injured in an explosion.

"On this state of facts, the Referee concluded that the relationship of employer and employe terminated prior to May 10, 1932, and claimant was not injured while in the course of his employment with the defendant, which findings were sustained by the Workmen's Compensation Board, upon an appeal to that body, and the claim disallowed."

On May 29, 1935, the court reversed the order of the Workmen's Compensation Board on the ground, inter alia, that it should not have made the finding that claimant was not an employee of Glen Alden Coal Company at the time he sustained the injuries, and held that claimant was injured in the course of his employment, and remanded the record to the Workmen's Compensation Board for further proceedings. The board thereupon, following the opinion of the court below, reversed its former order and found: "that the claimant's employment with the defendant, Glen Alden Coal Co., had not terminated prior to May 10, 1932 and that in returning to the mine to remove his tools and personal property, the claimant was acting in accordance with the terms of a mandatory notice bearing date May

5, 1932 instructing him so to do, and since he was acting under the instructions of his employer, he was in the course of his employment," and made an award in favor of claimant.

The defendant appealed from this award to the court of common pleas which dismissed the appeal and affirmed the award of the board.

The sole question is whether the accident occurred in the course of claimant's employment. The facts are not disputed, and whether, on the facts found, the claimant was injured in the course of employment, is a question of law: *Paulin v. Williams & Co. Inc.*, 122 Pa. Superior Ct. 462, 186 A. 415, citing *Callihan v. Montgomery*, 272 Pa. 56, 62, 115 A. 889; *Gurski v. Susquehanna Coal Co.*, 262 Pa. 1, 104 A. 801.

We agree with the court below that "we cannot conclude as a matter of law that the shutdown of the mine on April 1, 1932, automatically terminated the relationship of master and servant between plaintiff and defendant. Periodical shutdowns are common in the anthracite mining industry, and while, of course, employes during such periods are not on a pay status, they are, nevertheless, subject to recall to work and must report when the whistle blows or suffer the chance of dismissal. ...... We are forced to the conclusion, therefore, that unless the notice of May 5th definitely terminated the relationship, there is no evidence to support a finding that the claimant was not at the time of the accident an employe of the defendant."

As stated in *Stahl v. Watson Coal Co.*, 268 Pa. 452, at p. 454, 112 A. 14: "If the vital point in dispute is claimed to have been established by direct proof, the question whether or not there is evidence to sustain it is one of law and may be reviewed."

Unquestionably, pursuant to the notice of defendant company for the removal of claimant's tools, claimant's presence was required at the place where the injury was

received. There was no discharge of claimant prior to this notice and we do not think that the notice itself as a matter of law, constituted a discharge, at least not while pursuant to the notice, claimant was removing his tools.

The cases cited by appellant can readily be distinguished under their facts, from the instant case. These cases all are concerned with situations where the claimant voluntarily left the employ of the employer prior to the time of the accident, either by an actual physical separation from the employer's service or by a violation of some term of the employment or order of his employer; or cases in which the employe was injured while using facilities of the employer not connected with his particular employment at the time.

In following the instructions in the notice, claimant simply obeyed the orders of his master, and if in so doing an accident occurs and he is injured thereby, it must be held to have occurred within the scope of his employment.

Appellant raises a further objection to the award on which the judgment in this case is based, in that he alleges that claimant took himself out of the course of his employment by reason of an alleged violation of Rule 7 of Article XII of the Anthracite Mine Law (Act of June 2, 1891, P. L. 176 52 PS 283) by failing to report to any person in authority at the shaft when he entered the mine without being advised by them that it was safe to enter. This question was not raised before the referee or the board, or in the court below, nor is there any assignment of error based thereon, nor is the same included in the Statement of Question Involved.

The assignments of error are overruled and judgment affirmed.