Griffin *v.* Acme Coal Company (et al., Appellant).

Argued April 22, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*S. H. Torchia,* with him *P. V. Neel, Ralph H. Behney, T. McKeen Chidsey,* Attorney General, and *M. Louise Rutherford,* Deputy Attorney General, for appellant.

*Thomas P. Nee,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

This is an appeal by the State Workmen's Insurance Fund, insurance carrier in a workmen's compensation case, from the judgment entered in the court below upon an award by the Workmen's Compensation Board, which had reversed the referee's order of disallowance.

The sole question involved upon this appeal is whether the accident occurred in the course of claimant's

employment. The facts are not disputed, and whether, on the facts found, the claimant was injured in the course of his employment, is a question of law. *Paulin v. Williams & Company, Inc., et al.,* 122 Pa. Superior Ct. 462, 186 A. 415, 327 Pa. 579, 195 A. 40.

Claimant had been regularly employed by defendant, Acme Coal Company, as a coal loader, for about a year prior to the accident.

On April 14, 1945, claimant reported to the office at defendant's mine, where he was employed, for the purpose of receiving his pay. Claimant did not work on this particular day (April 14th), but performed actual work for defendant on April 12th. While waiting to receive his pay at the office of defendant where payment was customarily made, he fell over a board and sustained certain injuries by reason of which he was totally disabled.

The relationship of master and servant between claimant and defendant had not been terminated; claimant was still an employee of defendant. See *Cookson v. Knauff et al.,* 157 Pa. Superior Ct. 401, 404, 43 A. 2d 402. This accident happened on Saturday, April 14th, on the premises of defendant. The fact that claimant was not actually working that day did not affect his status as an employee of defendant in the absence of any evidence to the effect that he had been discharged or quit, or that he was not willing to respond to a request to work. There had been no suspension or cessation of the relationship. Admittedly, the "course of his employment" was not co-extensive with the entire period of time during which claimant may be said to have been an employee. See *Schott v. Pennsylvania Railroad Co.,* 76 Pa. Superior Ct. 582, 586.

We think claimant was acting in accordance with the customary procedure or the implied instructions of defendant. It was customary and necessary for defendant's employees to go to its office on its premises to collect their pay on the scheduled pay day. Claimant was

acting in accordance with this practice which defendant had established, and, consequently, at the time he was in the course of his employment.

Adequate provision for making payment to employees is an inescapable duty of every employer. The right of an employee to receive the wages which he has earned, and to which he is entitled is an integral part of every contract of hiring. In the present case, there was no other provision excepting for claimant to go directly to defendant's office at the mine on its premises and there secure his pay. An accidental injury to such an employee, sustained while so doing, occurs in the course of his employment, his presence on the premises being required at the place of injury. See Article 3, section 301, Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, 77 PS 411; *Noga v. Glen Alden Coal Co.*, 29 Luzerne Legal Register Reports 307. As said in *Treski v. Glen Alden Coal Co.*, 126 Pa. Superior Ct. 346, 350, 191 A. 391, 392: "In following the instructions . . ., claimant simply obeyed the orders of his master, and if in so doing an accident occurs and he is injured thereby, it must be held to have occurred within the [course] of his employment."

Allowing for statutory differences, support for our conclusion that claimant was in the course of his employment at the time of his injury is found in the following cases from other jurisdictions: *Hackley-Phelps-Bonnell Co. v. Industrial Commission*, 165 Wis. 586, 162 N. W. 921, L. R. A. 1918A, 277; *Crane Co. v. Industrial Commission*, 306 Ill. 56, 137 N. E. 437; *Riley v. W. Holland & Sons, Ltd.* (1911), 1 K. B., 1029, 104 L. T. Rep., 371, 4 Butterworths' Workmen's Compensation Cases (N. S.), 155.

Judgment is affirmed.