## Dandy, Appellant, *v.* Glaze.

Argued December 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jerome R. Balka,* with him *Henry W. Balka,* and *Balka and Balka,* for appellant.

*Peter P. Liebert, 3rd,* with him *John J. McDevitt, 3rd,* for appellee.

OPINION BY MONTGOMERY, J., January 16, 1962:

In this workmen's compensation case, claimant appeals from the order of the lower court dismissing his Exceptions to the Board's seventh Finding of Fact and second Conclusion of Law to the effect that the accident in which claimant was involved did not occur in the course of his employment.

Claimant was employed as a helper on a trash truck. He customarily worked a six day week, Monday through Saturday, from 7:00 A.M. until 4:00 to 5:00 P.M. Employes were paid customarily by the employer on Saturday upon the completion of their work, at either the employer's premises or in front of a taproom opposite his premises, on the other side of the street.

The Board found that the claimant, having completed his work and having failed to find the employer at either place, patronized the taproom and remained there from two and a half to three hours. Claimant then left the taproom and was struck by an automobile

while endeavoring to cross the street to the employer's premises.

The Board found on its seventh Finding of Fact that: "The accident occurred in the public highway, not on defendant's premises. Claimant had violated the instructions and terminated his employment by entering a taproom, instead of waiting outside, and by remaining there from 2½ to 3 hours."

In its second Conclusion of Law the Board stated: "The accident having occurred in the public highway away from the premises of the employer, the employee having embarked upon and persisted in an activity foreign to and contrary to the terms of his employment, the employee was not actually furthering the employer's business and was not in the course of his employment. He is not entitled to receive compensation therefore."

The pivotal issue in this appeal is whether the Workmen's Compensation Board erred in its determination that the claimant did not return to his employment when he left the taproom and was crossing the adjacent street.

In compensation cases this Court must view the evidence, on appeal, in the light most favorable to the party having the Board's decision, giving that party the benefit of every inference which can be logically and reasonably drawn. *Dupree v. Barney,* 193 Pa. Superior Ct. 331, 163 A. 2d 901; *Curran v. Walter E. Knipe and Sons, Inc.,* 185 Pa. Superior Ct. 540, 138 A. 2d 251.

Where the Board has made a determination against the party having the burden of proof, the question before the Court on appeal is whether the Board's Findings of Fact are consistent with each other and with its Conclusions of Law, and can be sustained without a capricious disregard of the competent evidence. *Rodgers v. Methodist Episcopal Hospital,* 188 Pa. Su-

perior Ct. 16, 145 A. 2d 893; *Irvin v. Plymouth Meeting Rubber Division Linear, Inc.,* 182 Pa. Superior Ct. 280, 126 A. 2d 491.

It is clear and unquestioned in the present case that in seeking the payment of his due wages, an employe would be acting in the furtherance of his employment. *Griffin v. Acme Coal Company,* 161 Pa. Superior Ct. 28, 54 A. 2d 69. Therefore, an accident in which an employe sustains injury and which occurs while the employe is seeking his wages in accordance with the practices of his employer would be compensable under the Workmen's Compensation Act. Here the customary practice of the employer for the payment of the employes is quite clear from the record. The claimant was to receive the wages due him after the completion of his work at one of two places, either at the employer's premises or in front, on the outside, of a taproom on the opposite side of the street. The claimant must remain at either of these places for a reasonable length of time and wait until his employer arrived with his wages. However, the claimant disregarded the customary practices of the employer and when he did not find the employer at either of the two designated places of payment, without waiting at all, he absented himself therefrom, entered the taproom, remaining there for 2½ to 3 hours. Since the evidence, including the testimony of the claimant himself, clearly shows that the customs of the employment of the claimant required him to receive his pay outside the taproom or on the employer's premises, the Board was thoroughly justified in finding that the claimant terminated his employment by patronizing the taproom for such a lengthy time period.

The claimant contends that if there was a deviation, it was not of such a pronounced character as to constitute a break in the course of employment. It is true that an employe who makes a detour for his own pur-

poses may re-enter the course of his employment. *Webb v. North Side Amusement Co.*, 298 Pa. 58, 147 A. 846; *Ginther v. J. P. Graham Transfer Company*, 149 Pa. Superior Ct. 635, 27 A. 2d 712. The Board properly considered the duration of the claimant's deviation and the circumstances surrounding it, and its Findings and Conclusions are supported by ample evidence.

The lower court was correct in concluding that the claimant's emergence from the taproom in quest of his employer after such a period of unreasonable duration cannot be considered as a resumption of his course of employment.

Judgment affirmed.