### TEXAS GENERAL INDEMNITY COMPANY, Appellant,

v.

### Vivian LUCE, Appellee.

### No. 7457.

Court of Civil Appeals of Texas, Beaumont.

March 1, 1973.

Rehearing Denied March 22, 1973.

Don Weitinger, Houston, for appellant.

Richard P. Hogan, Houston, for appellee.

DIES, Chief Justice.

This is a workmen's compensation suit wherein Vivian Luce (hereafter called "employee") recovered $4,156.24 from Texas General Indemnity Company (hereafter called "insurer"), from which insurer perfects this appeal.

The jury found that employee was in the course and scope of her employment at the time of her injury. Insurer's points of error complain that there is no evidence to support this finding, insufficient evidence, and that the finding is against the great weight and preponderance of the evidence. We overrule all of these points of error and affirm the judgment of the trial court.

The facts are these: Employee worked in the serving line of Wyatt's Cafeteria. She was on vacation and had returned to the cafeteria to receive her pay. If she was to be paid, she had to show up in person, for this was the procedure followed by her employer. After being paid in cash by the manager, she walked behind the serving line to greet fellow employees and it was there that she received the injuries producing this claim and lawsuit.

■ The cases discussing what is and is not an injury in the course and scope of employment are legion and it would add little to the jurisprudence of this state to review them. See the citations in 62 Tex. Jur.2d, Workmen's Compensation § 71 (1965) and succeeding sections. Generally speaking, under the Texas Compensation Act, to be compensable, an injury in the sense of the statute must be sustained in the course of the employment and originate in the work of the employer or arise out of the employment. Coverage under the compensation law ceases during deviations by the employee from the course and scope of his employ; injuries sustained during such a deviation are not compensable. See Maryland Casualty Co. v. Brown, 131 Tex. 404, 115 S.W.2d 394 (1938) and Clark v. Texas Employers Ins. Ass'n, 211 S.W.2d

953 (Tex.Civ.App., Fort Worth, 1948, error ref. n.r.e.).

In 1929, this court through Judge O'Quinn said in Royalty Indemnity Co. v. Madrigal, 14 S.W.2d 106, 108 (Tex.Civ. App., Beaumont, 1929, no writ):

"As a general rule, a workman who has ceased his work for the day and is on his way to the office of his employer to obtain his pay, or after obtaining such pay is leaving the premises of his employer and is injured on the premises of his employer, will be held entitled to compensation."

The statement has never been challenged (or cited either, for that matter) so we take it as settled law in Texas.

■ So, had employee here been injured while proceeding directly to and from the pay office (and still on the premises, of course), we would have no problem. However, was her act in stepping behind the serving line to greet fellow employees such a deviation as to remove her from coverage? We think not.

The law must be reasonable. Employer here—admittedly for its benefit—required employee to physically draw her pay at the place of business, even during a vacation period. In so requiring, employer and this court must expect employee to exchange greetings with co-workers as she entered or left. We are unable to apply the principle of deviation from employment so rigidly as to ignore the common habits of most people.

The judgment of the trial court is affirmed.