548 A.2d 669

Dana Corporation and Hartford Insurance Group, Petitioners *v.* Workmen's Compensation Appeal Board (Gearhart), Respondents.

*Barbara L. Hollenbach, Holland, Taylor and Sorrentino,* for petitioners.

*Morris D. Bernstein, Galfand, Berger, Senesky, Lurie & March,* for respondent.

OPINION BY JUDGE BARRY, October 7, 1988:

Claimant, Malcolm Gearhart, was employed by petitioner, Dana Corporation (employer), on December 30, 1983, when he suffered an injury after his work shift had ended. He had completed his shift at 3:00 p.m. and was walking through employer's parking lot on the way to his car which was parked in the street when he stopped to assist a co-worker who was having trouble getting his car started. Claimant was struck by the co-worker's car when it unexpectedly moved backwards as claimant was positioning himself to help push it forward. Claimant suffered disabling injuries as a result of this accident.

Claimant filed a workmen's compensation petition and was granted benefits. Employer appealed to the Workmen's Compensation Appeal Board which affirmed the referee's decision and appeal to this Court followed. The issue before this Court is whether claimant was in

the course of employment when he was injured. We hold that he was not.[1]

The relevant portion of The Pennsylvania Workmen's Compensation Act in this situation is Section 301(c)(1),[2] which reads in pertinent part:

> The term 'injury arising in the course of his employment,' . . . shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

Since claimant was not engaged in the furtherance of the business or affairs of the employer, he must satisfy three conditions under the statute in order for his injury to be in the course of employment. The statute requires that (1) the injury occurred on the employer's premises, (2) the employee's presence thereon was required by the nature of his employment, and (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon. Claimant's injury does not satisfy the second and third conditions outlined above. At the time he was injured,

---

[1] Since we hold that claimant was not in the course of employment, we need not address petitioner's second issue of whether credit should be given for the gross or the net amount of sickness and accident benefits paid to claimant.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1).

his presence on the employer's premises was not required by the nature of his employment since he voluntarily stopped to assist his co-worker and was thus on the premises longer than he normally would have been. The condition of the premises or the operation of the employer's business did not cause the car to move backwards and, therefore, did not cause the injury.

We have analyzed the present case under the applicable statute and we will now examine the case law interpreting that statute. Claimant places great weight on *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), a Pennsylvania Supreme Court case in which a workmen's compensation award of death benefits was upheld where claimant's decedent was struck and killed by an automobile while crossing a public street to the employer's parking lot after work. The main issue in *Epler* was whether the employee was on the employer's premises when the accident took place. This is not an issue in the present case. Claimant, however, cites *Epler* for language to the effect that an injury to an employee on the premises of the employer which occurs reasonably proximate to work hours is compensable. The Supreme Court stated this principle in response to the argument that an injury must occur during actual working hours, and we do not believe it was intended to alter the requirements for an on the premises injury under the statute. Although the Supreme Court did not address the condition of the premises issue, we note that the danger inherent in crossing a public street can be a condition of the premises where a street is held to be part of the premises.

The following Commonwealth Court cases illustrate the application of the statutory requirements. In *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977), a widow recovered death

benefits when her husband had an epileptic seizure while driving through his employer's parking lot on the way to work and was killed when his car struck a concrete abutment. The concrete abutment was a condition of the premises which contributed to the employee's death.

In *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (D'Agostino)*, 66 Pa. Commonwealth Ct. 393, 444 A.2d 837 (1982), benefits were awarded to the widow of an employee who suffered a fatal heart attack while shovelling snow from around his car in the employer's parking lot. The court in *Port Authority* held that the snow was a condition of the premises which necessitated the exertion which led to the employee's heart attack.

It was held in *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 105 Pa. Commonwealth Ct. 448, 524 A.2d 1046 (1987), that an employee could not recover benefits because her presence on the premises was not required by the nature of her employment. A restaurant was the premises in that case. When the employee was finished with her work shift she remained at the restaurant to socialize. When she finally did leave the premises she slipped on the ice in the employer's parking lot and injured herself. The court held that she had left the course of her employment.

*Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Services, Inc.)*, 109 Pa. Commonwealth Ct. 96, 530 A.2d 545 (1987), presented a case where an employee was riding on the hood of a co-worker's car as it travelled along an access road coming from the employer's premises. The driver of the car was forced to make an unexpected turn when he came to an exit gate which was closed. The employee was thrown from the car and injured. The court held that

the closed gate was a condition of the premises which caused the injury and upheld an award of benefits.

The most difficult case to distinguish is *Carl v. Workmen's Compensation Appeal Board (G.H. Delp Co.)*, 79 Pa. Commonwealth Ct. 332, 469 A.2d 347 (1984), because of the factual similarities with the present case. The claimant in *Carl* was helping to push another employee's car out of the snow when she suffered an aneurysm as a result of the exertion. This Court upheld the award of compensation. That case can be distinguished because it was a condition of the premises, the heavy layer of snow, which caused the need for claimant's exertion. The present case is more analogous to *Anzese v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 256, 385 A.2d 625 (1978), where death benefits were denied when an employee was struck by lightning while leaving the employer's premises on his motorcycle. In that case, as in the present case, it was not a condition of the premises or the operation of the employer's business which caused the injury. Claimant points out that *Anzese* was decided before *Epler* and argues that its validity is doubtful, but there is nothing in *Epler* to indicate that the Supreme Court intended to overturn *Anzese*.

A problem in an attempt to distinguish *Carl* from the present case is that the claimant in *Carl*, as the claimant here, had voluntarily offered to help her coworker. The court in *Carl*, however, pointed out that the employees had been sent home early on the date of the injury because of the snow and were paid for a full day's work so the injury took place during working hours. The court considered this relevant in determining that the claimant was in the course of her employment.

In light of the preceding discussion of the statute and case law, we hold that claimant was not in the

course of his employment when he was injured and we reverse the order of the Board.

ORDER

Now, October 7, 1988, the order of the Workmen's Compensation Appeal Board, dated July 15, 1987, at No. A-92272, is reversed and workmen's compensation benefits are denied.

This decision was reached prior to the resignation of Judge MACPHAIL.