**Margaret McCOY, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 2–89–133–CV.**

Court of Appeals of Texas,
Fort Worth.

July 10, 1990.

**348**

Law Offices of Charles M. Noteboom, P.C. and David G. Hart, Fort Worth, for appellant.

Cantey & Hanger and Stephen L. Tatum and D. Mark Daniel, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and HILL, JJ.

## OPINION

FARRIS, Justice.

This appeal involves the bench trial of a worker's compensation case in which the trial court found that McCoy was not in the course and scope of her employment at the time of her injury. On appeal McCoy contends that the evidence established as a matter of law (1) that her injury occurred in the course and scope of her employment and (2) that the trial court's findings in that regard were against the great weight and preponderance of the evidence.

McCoy was injured at the office of her employer, Southwestern Bell Telephone Company, while there for the sole purpose of picking up her paycheck. There was no dispute that McCoy was scheduled to work Friday, July 31, 1987, from 1:30 p.m. until 9:30 p.m., but that she was injured on that date at 10:45 a.m. There was evidence that McCoy could have picked up her paycheck in person during her shift, could have called ahead and had someone else pick it up for her, could have had it mailed to her, or could have used direct deposit to the credit union. McCoy testified that she went in early to pick up her check so she could deposit it with the bank and have use of the money over the weekend. There was also testimony that approximately 95% of the other employees on her shift came in early for the same reason.

The trial court entered findings of fact that McCoy was not directed nor required to come in early to pick up her paycheck and that she had alternate methods to obtain and negotiate her paycheck, such as picking it up after her shift started, arranging for automatic deposit in the credit union, or using a bank with Saturday business hours. The court also found that McCoy chose to pick up her paycheck at her employer's place of business and the employer was merely accommodating McCoy by permitting her to pick up her paycheck before the shift started. In its conclusions of law, the trial court found that (1) McCoy had failed to meet her burden of proof that her injury occurred while she was engaged in or about the furtherance of her employer's affairs or business, and (2) her injury was of the kind and character that had to do with or originated in her employer's work or business.

In support of her argument, McCoy has referred us to cases in which a worker's compensation claimant has prevailed when the underlying injury occurred at a time when the claimant was engaged in collecting his pay. *See INA of Texas v. Bryant,* 686 S.W.2d 614 (Tex.1985); *Texas General Indemnity Company v. Luce,* 491 S.W.2d 767 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). Both of the cited cases can be distinguished from the present case because *Bryant* was a summary judgment case in which the trial court granted summary judgment against the employee. *Luce* was an appeal by the carrier challeng-

ing the legal and factual sufficiency of the evidence.

McCoy also cites *Royalty Indemnity Co. v. Madrigal,* 14 S.W.2d 106, 108 (Tex.Civ. App.—Beaumont 1929, no writ) as authority for a general rule that a worker "who has ceased his work for the day and is on his way to the office of his employer to obtain his pay, or after obtaining such pay is leaving the premises of his employer and is injured on the premises of his employer, will be held entitled to compensation." *Madrigal* is distinguishable because in that case, the carrier attacked the judgment of the trial court based upon the jury findings and the trial court judgment was reversed and rendered for the carrier on facts which are dissimilar to those relevant to the issue in this case.

Before we can sustain McCoy's complaint that the evidence established as a matter of law that her injury occurred while she was in the course and scope of her employment, we must first examine the record for evidence that supports the trial court's finding while ignoring all evidence to the contrary. If there is no evidence to support the finder's answer then we must consider the entire record to determine if there is evidence which establishes as a matter of law her contention. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). We do not reach the second step in this analysis because there is evidence to support the trial court's finding on course and scope.

It was McCoy's burden to prove that her injury occurred in the furtherance of the affairs or business of her employer and that the injury was of the kind and character that originated in or had to do with the employer's business. TEX.REV.CIV. STAT.ANN. art. 8309, sec. 1 (Vernon 1967); *Bryant,* 686 S.W.2d at 615.

In considering McCoy's factual sufficiency point, we must consider all of the evidence on the issue and reverse the trial court only if its findings are so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscious or clearly demonstrate bias. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629,

635 (Tex.1986). Given the evidence that alternative methods of collecting her pay were available to McCoy, there is some evidence to support the trial court's conclusions of law, and we must overrule this point.

The judgment of the trial court is affirmed.

HILL, J., dissents.

HILL, Justice, dissenting.

I respectfully dissent, because I would hold that McCoy was in the course and scope of her employment as a matter of law. The undisputed facts appear in the majority opinion. They establish that McCoy came in early to her place of employment to receive her pay so that she could deposit it in the bank and have use of the money over the weekend. Although McCoy was not required to collect her pay in that manner, approximately 95% of the workers on her shift also picked up their checks early for the same reason. McCoy was injured on the premises of her employer during the time she was there to receive her pay.

"As a general rule, a workman who has ceased his work for the day and is on his way to the office of his employer to obtain his pay, or after obtaining such pay is leaving the premises of his employer and is injured on the premises of his employer, will be held entitled to compensation." *Texas General Indemnity Company v. Luce,* 491 S.W.2d 767, 768 (Tex.Civ.App.— Beaumont 1973, writ ref'd n.r.e.), quoting *Royalty Indemnity Co. v. Madrigal,* 14 S.W.2d 106, 108 (Tex.Civ.App.—Beaumont 1929, no writ).

I see no reason why the rule should be different for those who arrive early to pick up their checks. While it is unnecessary to determine whether McCoy would have been in the course and scope of her employment had she been injured while en route to or returning from the bank, I would hold that a worker who arrives early at his or her place of employment for the purpose of picking up his paycheck and who is injured

on the employer's premises is entitled to compensation.

T.E.I.A. relies on the case of *INA of Texas v. Bryant*, 686 S.W.2d 614 (Tex.1985) and *Texas General Indemnity Company v. Luce*, the case we have cited, as authority for its argument that McCoy was not in the course and scope of her employment because she was not required by her employer to come in early to pick up her pay. In *INA of Texas v. Bryant*, the Supreme Court of Texas held that when a terminated employee is required to return to his place of employment to receive a paycheck, and is injured while at that place of employment, the injury would have occurred in the course and scope of employment. *INA of Texas v. Bryant*, 686 S.W.2d at 615. In *Texas General Indemnity Co. v. Luce*, the Beaumont Court of Appeals held that a cafeteria employee who was on vacation and who had returned to the employer's premises to pick up her paycheck, who was injured when she stepped behind the serving line to greet fellow employees, had not deviated from the course and scope of her employment by her act in greeting her fellow workers. *Texas General Indemnity Co. v. Luce*, 491 S.W.2d at 768. Although the court noted that she was required to pick up her check in person, there is no indication that that factor was determinative in the court's decision. In this case McCoy had not been terminated, was not on vacation, but had simply come in to work early so she could pick up her paycheck, as was the custom at her place of employment. I would hold as a matter of law that while on the premises of her employer for that purpose she was in the course and scope of her employment. I would therefore sustain point of error number one and would reverse.