Nannie G. HOFFMANN, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (WESTMORELAND HOSPITAL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.
Decided April 22, 1998.
Reargument Denied June 12, 1998.

Robert H. Slone, Greensburg, for petitioner.

Harry W. Rosensteel and Thomas B. Anderson, Pittsburgh, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Claimant Nannie G. Hoffmann petitions for review from the September 2, 1997 order of the Workers' Compensation Appeal Board (Board) that affirmed the workers' compensation judge's (WCJ) denial of benefits based on the finding that Claimant was not within the scope of her employment at the time she sustained her injury. We affirm.

Employer Westmoreland Hospital employed Claimant as a unit clerk/unit secretary.[1] (Finding of Fact No. 7, R.R. at 51a). As part of her work schedule, Claimant had Fridays off. (Finding of Fact No. 7, R.R. at 54a).

Employer pays its employees on a bi-monthly basis and always on Fridays. (*Id.*) Employer gives its employees three options to obtain their paychecks. Employees can

have their paychecks directly deposited into a financial institution, can provide Employer with a self-addressed stamped envelope, or can personally pick up their paychecks at their normal workstations. (Finding of Fact No. 9, R.R. at 85a). Employer encourages its employees to use direct deposit. (*Id.*).

On her day off, Friday, August 20, 1993, Claimant went to Employer's premises for the sole purpose of picking up her paycheck. (Finding of Fact No. 7, R.R. at 67a). Claimant did not perform any work-related tasks while on Employer's premises on August 20, 1993. (*Id.*). As Claimant was approaching the nurses' station, she fell and sustained injuries to her knees, left hand and low back. (Finding of Fact No. 7, R.R. at 56a).

On January 24, 1994, Claimant filed a petition for workers' compensation benefits for the injuries she sustained on August 20, 1993. (Finding of Fact No. 1, R.R. at 4a). Employer filed a timely response, denying that Claimant was in the scope of her employment when she suffered her alleged work-related injuries. (Finding of Fact No. 3, R.R. at 12a).

The WCJ held hearings on Claimant's petition on April 12 and October 11, 1994. During the course of litigation, the parties stipulated that Claimant had suffered an injury to her low back on August 20, 1993. Therefore, the only remaining legal issue presented before the WCJ was whether Claimant was in the course and scope of her employment at the time of her injury.

After a review of all the evidence, the WCJ concluded that Claimant had failed to meet her burden of proof in establishing that she suffered a work-related injury while within the scope of her employment. (Finding of Fact No. 13, R.R. at 21a). Additionally, the WCJ concluded that Employer had a reasonable basis to contest Claimant's petition and that therefore, Claimant was liable for her own attorney fees. (*Id.*). The Board affirmed the WCJ on appeal and this petition for review followed.[2]

---

1. For reasons unrelated to this petition for review, Claimant's employment with Employer was terminated on August 12, 1994. (Reproduced Record "R.R." at 92a).

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial

■ The issue on appeal is whether Claimant was acting within the course and scope of her employment at the time of her injury. Whether an employee is within the course of her employment when an injury occurs is a question of law to be determined on the basis of the findings of fact. *Thomas Jefferson University Hospital v. Workmen's Compensation Appeal Board (Cattalo),* 144 Pa. Cmwlth. 302, 601 A.2d 476 (1991).

Section 301(c)(1) of the Workers' Compensation Act (the Act)[3] states, in pertinent part, that

> [t]he term "injury arising in the course of his employment," as used in this article, ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411.

■ An employee not engaged in the furtherance of the business or affairs of the employer must satisfy three conditions under the Act in order for her injury to be within the scope of employment. Those conditions, as set forth in *Dana Corporation v. Workmen's Compensation Appeal Board (Gearhart),* 120 Pa.Cmwlth. 277, 548 A.2d 669 (1988), *petition for allowance of appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989), require that (1) the injury occur on the employer's premises, (2) the employee's presence thereon was required by the nature of his employment, and (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon. At issue in the present case is whether Claimant's presence on the premises was required by the nature of her employment.

There is a lack of reported Pennsylvania cases that address this situation. We have found two. In *Griffin v. Acme Coal Company,* 161 Pa.Super. 28, 54 A.2d 69 (1947), claimant reported to Acme Coal Company on his day off for the purpose of receiving his pay. While waiting where payment was customarily made, claimant fell over a board and sustained serious injuries. The Superior Court affirmed an award of benefits to claimant, stating that it was customary and necessary for the employees to visit employer's office on its premises to collect their pay on the scheduled payday. The Court stated that claimant was acting in accordance with the practices established by employer and thus, claimant was in the course of his employment.

Interestingly, the *Griffin* Court went on to further state that

> [a]dequate provision for making payment to employees is an inescapable duty of every employer. The right of an employee to receive the wages which he has earned, and to which he is entitled is an integral part of every contract of hiring. In the present case, there was no other provision excepting for claimant to go directly to defendant's office at the mine on its premises and there secure his pay.

*Griffin,* 54 A.2d at 70. This language implies that an alternate method of pay distribution would not necessarily require the employee's presence on the employer's premises. Therefore, the employee would not be required by the nature of the employment to be on the premises and thus, any resulting injury would not be compensable under the Act.

A second case addressing this issue is *Dandy v. Glaze,* 197 Pa.Super. 218, 177 A.2d 157 (1962). In *Dandy,* employer established a practice whereby employees would be paid at the completion of their assignments. Employees were to pick up their pay at one of two places; on employer's premises or in

---

evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro),* 132 Pa. Cmwlth.288, 572 A.2d 843 (1990).

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.

front of the outside of a bar across the street. Employees were to remain at one of these locations for a reasonable period of time for employer to return. Dandy disregarded these instructions and instead went into the bar where he stayed for 2½—3 hours. Upon leaving the bar, Dandy was stuck by an automobile while attempting to cross the street to return to employer's premises.

The Superior Court affirmed the Board's denial of benefits. The Court noted that Dandy's return to his employer's premises after such a period of unreasonable duration could not be considered a resumption of his course of employment. This aside, the Court, citing *Griffin*, stated that an employee seeking remuneration of wages due would be acting in furtherance of his employment and that therefore, an accident which occurred while the employee was seeking his wages in accordance with the employer's practices would be compensable under the Act.

The parties have cited the Court to two other jurisdictions that have recently addressed the very same issue. While both cases are factually similar, the two jurisdictions have come to different conclusions. In *McCoy v. Texas Employers Insurance Association*, 791 S.W.2d 347 (Tex.Ct.App.1990), Margaret McCoy arrived at work early to pick up her paycheck and to take it to the bank. While on her employer's premises, she was injured. The trial court denied McCoy benefits, concluding that she was not directed or required to come in early to pick up her check and that she had alternate methods to obtain her paycheck. The Texas Court of Appeals affirmed on the basis that the record supported the trial court's finding that McCoy had alternative methods of collecting her pay.

To the contrary, in *St. Anthony Hospital v. James*, 889 P.2d 1279 (Okla.Ct.App.1994), which also involved an employee that was injured while on employer's premises for the sole purpose of receiving her paycheck, Vera James was awarded benefits by the workers' compensation trial judge and St. Anthony's appealed. In affirming the award of benefits, the Oklahoma Court of Appeals concluded that the payment of wages is a major benchmark of the employee-employer rela-

tionship and that where an employee does not substantially deviate from the purpose of retrieving his pay, an injury that occurs while on the employer's premises is compensable.

*McCoy* and *St. Anthony Hospital*, and the cases cited therein, illustrate that the jurisdictions that have addressed this issue are divided in their holdings and that there is no prevailing line of cases. While we agree that the payment of wages is a major benchmark in the employee-employer relationship, we also are cognizant of the technological advances that no longer make it necessary for the employee to visit employer's premises in order to get paid.

Our Act is remedial in nature and its purpose is to benefit workers of this Commonwealth. As such, it is to be liberally construed to effectuate its humanitarian objectives. *Harper & Collins v. Workmen's Compensation Appeal Board (Brown)*, 543 Pa. 484, 672 A.2d 1319 (1996). However, an employer is not an insurer against all injuries sustained by an employee.

There is no question that the payment of wages is a vital component of the employer-employee relationship. In both *Griffin*, 161 Pa.Super. 28, 54 A.2d 69 (1947) and *Dandy*, 197 Pa.Super. 218, 177 A.2d 157 (1962), the employees were paid on a cash-only basis and at a time and place designated by employer. As such, the employees' presence was required on the employer's premises by the nature of their employment if they wanted to get paid. These employees had no alternative methods of receiving their pay.

■ Here, however, Employer gave its employees three options for securing their paychecks. Employer did not require its employees to accept one method of payment. Although Employer approved of Claimant personally retrieving her check, it did not mandate that she do so. Because Claimant was not required to appear at Employer's premises in order to get paid, she was not required by the nature of her employment to be on the premises at the time of her injury.

Therefore, we find that the Board's conclusion is supported by substantial evidence of record and that the Board did not err as a

matter of law in affirming the decision of the WCJ. Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of April, 1998, it is hereby ordered that the decision of the Workers' Compensation Appeal Board dated September 2, 1997, is hereby affirmed.

FRIEDMAN, Judge, dissenting.

Under the circumstances of this case, Nannie G. Hoffmann (Claimant) had the burden of proving that her work-related injury occurred while in the course of her employment. Because I believe that Claimant has satisfied this burden, I respectfully dissent.

As indicated by the majority, an employee not engaged in the furtherance of the business or affairs of the employer must satisfy three conditions under the Workers' Compensation Act[1] (Act) in order for the injury to have occurred in the course of employment. The Act requires that (1) the injury occurred on the employer's premises, (2) the employee's presence thereon was required by the nature of the employment and (3) the injury was caused by the condition of the premises or by the operation of the employer's business thereon. *Dana Corp. v. Workmen's Compensation Appeal Bd.*, 120 Pa. Cmwlth. 277, 548 A.2d 669 (1988), *alloc. denied*, 522 Pa. 606, 562 A.2d 828 (1989). The majority concludes that Claimant failed to satisfy the second of these conditions, reasoning that because Employer did not mandate that Claimant pick up her paycheck on Employer's premises, Claimant was not required by the nature of her employment to be on the premises, and thus, Claimant was not within the course of her employment at the time of her injury. I cannot agree.

In seeking the payment of due wages, an employee may be acting in the course of employment. *Dandy v. Glaze*, 197 Pa.Super. 218, 177 A.2d 157 (1962); *Griffin v. Acme Coal Co.*, 161 Pa.Super. 28, 54 A.2d 69 (1947). Therefore, an injury sustained by an employee while the employee is collecting wages may be compensable under the Act. *Dandy.* Unlike the majority, I believe that Claimant's injury is compensable because, when Claimant picked up her paycheck, she was acting in accordance with an *accepted practice* of Employer for the payment of its employees. Employer gives its employees three options for receiving their paychecks; they may (1) pick up their paychecks in person; (2) use direct deposit; or (3) supply a self-addressed stamped envelope to Employer so that Employer can mail the paycheck to the employee. (WCJ's Findings of Fact, No. 9.) Although Employer encouraged its employees to have their paychecks directly deposited into their bank accounts, Employer's employee handbook states that employees "may receive [their] check personally." (WCJ's Findings of Fact, No. 9; R.R. at 161A.)

The majority concludes that, because Employer did not *require* Claimant to pick up her paycheck in person, Claimant's injury is not compensable. Although personal pickup was not required, I believe that by personally picking up her paycheck, Claimant was acting in accordance with the first option established by Employer as an acceptable method of receiving payment and that this was sufficient to place her in the course of her employment at the time of her injury. *See St. Anthony Hosp. v. James*, 889 P.2d 1279 (Okl. App.1994). In concluding otherwise, the majority relies on *Griffin* and *Dandy.* I disagree that these cases compel the denial of benefits here.

The majority interprets *Griffin* as "implying" that whenever an employer provides its employees with alternate methods of pay distribution that do not require the employee's presence at employer's premises, any injury suffered by an employee while picking up his or her wages on employer's premises would not be compensable under the Act. I believe that the majority has erred in reading this "implication" into the language of *Griffin.* I believe that *Griffin* is more appropriately read as indicating that a claimant who sustains an injury when picking up his or her paycheck at an employer's premises is entitled to benefits where the "[c]laimant was acting in accordance with [a] practice which [the employer] had established, and, conse-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

quently, at the time he was in the course of his employment." *Griffin,* 54 A.2d at 70. Like the claimant in *Griffin,* Claimant here was acting in accordance with a practice established by Employer when Claimant picked up her paycheck at Employer's premises and, consequently, I would conclude that Claimant was in the course of her employment.

Indeed, I cannot understand why the majority believes that *Dandy* supports its interpretation of *Griffin* when, in *Dandy,* the court recognized *Griffin* as standing for my aforementioned proposition. As stated by the majority, *Dandy* recognizes *Griffin* as meaning "that an employee seeking remuneration of wages due would be acting in furtherance of his employment and that therefore, an accident which occurred while the employee was seeking his wages in accordance with the employer's practices would be compensable under the Act." (Majority op. at 569.)

We must be ever mindful that the Act is remedial in nature and its purpose is to benefit the workers of this Commonwealth. *Harper & Collins v. Workmen's Compensation Appeal Bd.,* 543 Pa. 484, 672 A.2d 1319 (1996). As such, the Act is to be liberally construed to effectuate its humanitarian objectives. *Id.* Moreover, borderline interpretations of the Act are to be construed in the injured party's favor. *Id.; Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978).

Because being paid is a major benchmark of the employer-employee relationship, because Claimant received her paycheck in accordance with an acceptable method established by Employer and because we are required to liberally construe the Act to the benefit of injured workers, I would conclude that Claimant satisfied her burden of proving that she was injured while in the course of her employment. Accordingly, I would reverse the order of the Workers' Compensation Appeal Board.