741 A.2d 1286

**Nannie G. HOFFMAN, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WESTMORELAND HOSPITAL), Appellees.**

Supreme Court of Pennsylvania.

Submitted Sept. 9, 1999.

Decided Dec. 23, 1999.

Robert H. Slone, Greensburg, for Nannie G. Hoffmann.

Harry W. Rosensteel, Pittsburgh, for Westmoreland Hospital.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This appeal presents the single issue of whether an employee is entitled to receive workers' compensation benefits for an injury sustained while off duty, but present at her workplace to obtain her paycheck.

Appellant, Nannie G. Hoffman ("Claimant"), was employed as a unit clerk/unit secretary by Appellee, Westmoreland Health System ("Employer"), and was paid bi-weekly on Fridays. As part of its regular policy, Employer provided three options for obtaining paychecks: direct deposit to a financial institution; delivery by regular mail; or personal retrieval by the employee from her workstation. Employer encouraged the use of direct deposit. On Friday, August 20, 1993, Claimant was not scheduled to work, but visited Employer's premises for the sole purpose of obtaining her paycheck, as was her long-established practice. While on such premises, Claimant fell and sustained injuries to her knees, left hand and lower back. Claimant filed a petition for workers' compensation benefits. In response, Employer conceded that Claimant had been injured but denied that Claimant was acting within the course of her employment at the time she suffered the injury.

Following hearings, the Workers' Compensation Judge (the "WCJ") denied benefits, finding that Claimant's injury did not arise in the course of her employment as required for compensability under Section 301(a) of the Workers' Compensation Act,[1] 77 P.S. § 431. Both the Workers' Compensation Appeal Board (the "Board") and the Commonwealth Court affirmed for essentially the same reason. *Hoffmann v. Workers' Compensation Appeal Bd.*, 711 A.2d 567 (Pa.Cmwlth. 1998). Judge Friedman dissented, expressing her belief that Claimant followed an acceptable practice for receiving pay-

1. Act of June 2, 1915, P.L. 736 (as amended at 77 P.S. §§ 1–1041.4)(the "Act").

ment, and this was sufficient to place her within the course of her employment.

Decisions in the workers' compensation area are subject to review, *inter alia*, for errors of law. *See* 2 Pa.C.S. § 704(a); *Bowman v. Commonwealth, Dep't of Env. Resources*, 549 Pa. 65, 68, 700 A.2d 427, 428 (1997). Whether a claimant's injury arose "within the course of employment" under the Act so as to give rise to a claim for benefits under Section 431 is a question of law to be determined based on the findings of fact. *See Paulin v. Williams & Co.*, 327 Pa. 579, 584, 195 A. 40, 42 (1937); *Thomas Jefferson Univ. Hosp. v. Workmen's Compensation Appeals Board (Cattalo)*, 144 Pa. Cmwlth. 302, 306, 601 A.2d 476, 478 (1991); *Griffin v. Acme Coal Co.*, 161 Pa.Super. 28, 29, 54 A.2d 69, 69 (1947).

The phrase "arising in the course of employment" is defined in Section 301(c)(1) of the Act to include injuries sustained in furtherance of the business or affairs of the employer, as well as certain other injuries which occur on premises occupied or controlled by the employer, or upon which the employer's business affairs are conducted. 77 P.S. § 411.[2] With regard to the latter category, the statute contains the additional proviso that the nature of the employment requires the employee's presence on the premises where the injury occurred. *Id.*[3] Employer argues (and the WCJ, the Board and the

---

2. The pertinent text of Section 301(c)(1) is as follows:

The term "injury arising in the course of his employment," ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411.

3. Based upon the language of the enactment, the Commonwealth Court has set forth the following test to determine whether an employee not actually engaged in the furtherance of the employer's business or affairs was injured "within the course of employment": (1) the injury must

Commonwealth Court found) that the present claim eludes both of these categories, as: 1) Claimant's presence at her workplace merely to obtain the payment of wages was not in furtherance of the business or affairs of Employer; and 2) Claimant's injury cannot otherwise be deemed to arise in the course of her employment where her presence was not required for the payment of wages, but rather, she had available alternative options for obtaining payment.

Pennsylvania appellate courts have long acknowledged the receipt of wages as a fundamental aspect of the employment relationship. *See Dandy v. Glaze*, 197 Pa.Super. 218, 221, 177 A.2d 157, 159 (1962); *Griffin*, 161 Pa.Super. at 30, 54 A.2d at 70 (stating that "[t]he right of an employee to receive the wages which he has earned, and to which he is entitled[,] is an integral part of every contract of hiring"). Indeed, the Superior Court has held that "an accident in which an employe sustains injury and which occurs while the employe is seeking his wages in accordance with the practices of his employer would be compensable under the Workmen's Compensation Act." *Dandy*, 197 Pa.Super. at 221, 177 A.2d at 159; *see also Griffin*, 161 Pa.Super. at 29, 54 A.2d at 69. *See generally Thomas Jefferson*, 144 Pa.Cmwlth. at 307, 601 A.2d at 479 (finding that an employee's injury was incurred within the course and scope of employment, because employees were required to be present at the location where injury occurred to avail themselves of an employer-sponsored benefit).

▮▮▮ The Commonwealth Court distinguished these cases on the basis that the employees there possessed no available alternatives for securing the benefit at issue; whereas, Claimant in the present case was possessed with (and indeed encouraged to utilize) other methods. We disagree, however, that such distinction should be accorded controlling signifi-

have occurred on the employer's premises; (2) the employee's presence on the premises must have been required by the nature of his employment; and (3) the injury must have been caused by the condition of the employer's premises or by the operation of employer's business. *See Thomas Jefferson*, 144 Pa.Cmwlth. at 306, 601 A.2d at 478 (citing *Dana Corp. v. Workmen's Compensation Appeal Bd. (Gearhart)*, 120 Pa. Cmwlth. 277, 279, 548 A.2d 669, 670 (1988), *appeal denied*, 522 Pa. 606, 562 A.2d 828 (1989)).

cance. To the contrary, taking into account our obligation to interpret the Act liberally to effectuate its humanitarian purpose, *see generally Harper & Collins v. Workmen's Compensation Appeal Bd. (Brown)*, 543 Pa. 484, 490, 672 A.2d 1319, 1321 (1996), and to resolve borderline interpretations in favor of the injured employee, *see id.*, we find that, regardless of other available options, an employee's presence at the workplace to obtain a paycheck pursuant to an employer-approved practice bears a sufficient relationship to a necessary affair of the employer (payment of due wages) to fall within the course of employment as defined in Section 301(c)(1) of the Act.[4] Thus, as Claimant was injured while present at Employer's premises in the course of her employment, she should have been afforded workers' compensation benefits.[5]

The order of the Commonwealth Court is reversed and the case remanded for calculation of benefits.

4. Employer posits that such a holding will require that benefits be afforded in a wide range of circumstances, for example, where an employee is injured while traveling to the bank to deposit her paycheck. This appeal does not require us to resolve these collateral questions. It is worth noting, however, that there is a significant difference between the present situation where an employee is injured while visiting the workplace pursuant to an approved policy in order to retrieve her paycheck, and one in which an employee is injured off premises after taking possession of a paycheck, or during or after the receipt of wages off-premises by personal delivery, mail, direct deposit or other means. *See generally Toyota of Pensacola v. Maines*, 558 So.2d 1072, 1073–75 (Fl.Dist.App.1990)(stating the general rule that injuries suffered by an employee, while off the employer's premises for the purpose of cashing or depositing a paycheck, ordinarily are deemed to be noncompensable).

5. Our decision in this regard is consistent with the law of several other jurisdictions. *See generally St. Anthony Hosp. v. James*, 889 P.2d 1279 (Okla.Ct.App.1994)(finding that, where an employee is injured on the employer's premises while retrieving her pay, the injury arises out of the employment relationship and is compensable); *Dunlap v. Clinton Valley Center*, 169 Mich.App. 354, 425 N.W.2d 553, 554 (1988); *Martinez v. Stoller*, 96 N.M. 571, 632 P.2d 1209, 1210 (N.M.App.1981). *But see McCoy v. Texas Employers Ins. Ass'n*, 791 S.W.2d 347 (Tex.Civ.App. 1990).