## Westinghouse Electric Corporation, Appellant, *v.* Workmen's Compensation Appeal Board and Joseph F. Jablonski, Appellees.

Argued November 8, 1974, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Richard C. Witt*, with him *Jones, Gregg, Creehan & Gerace*, for appellant.

*William C. Stillwagon*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 17, 1975:

Before the Court is an appeal by Westinghouse Electric Corporation (Appellant) from an order of the Workmen's Compensation Appeal Board. On December 13, 1973, the Board sustained a referee's decision denying Appellant's petition to terminate a compensation agreement awarding Joseph F. Jablonski (Appellee) weekly total disability benefits of $60.00, within the limits of the Pennsylvania Workmen's Compensation Act,[1] for a back injury sustained in 1969. We affirm.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P. S. §1 et seq.

On a petition to modify or terminate a compensation agreement filed by an employer, the burden is upon the employer to prove by competent evidence that the claimant's disability is no longer total. *Van Horn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 316 A.2d 686 (1974) ; *Aluminum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974). "Where, as here, the decision of the Board is against the party having the burden of proof, the question on appellate review is whether the findings of fact[2] are consistent with each other and with the Board's conclusion of law and its order and can be sustained without a capricious disregard of competent evidence." *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 614, 309 A.2d 172, 173 (1973) (original footnote omitted). To constitute a capricious disregard there must be a wilful and deliberate disregard of relevant and competent evidence which a person of ordinary intelligence could not have possibly avoided in reaching the result. *Drevitch v. Beverly Farms, Inc.,* 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972) ; *Brown v. Atlantic and Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 279 A. 2d 372 (1971).

Appellee was first employed by Appellant in March of 1969. On September 15, 1969, while in the regular course of his employment as a sheet metal worker, he stumbled and twisted his back while carrying a four by ten feet sheet of one-eighth inch black iron to a metal shearer. The occurrence of this accident[3] was corroborat-

---

2. The decision of the Board in the instant case postdated the effective date of the amendments to Section 423 by the Act of February 8, 1972, P. L. ——, No. 12, and the Act of March 29, 1972, P.L. ——, No. 61, 77 P.S. §854 (Supp. 1974-1975), thus bringing into play our decision in *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

3. *See Hinkle v. H. J. Heinz Co.,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972).

ed by Appellee's co-workers who testified that he spontaneously shouted: "Oh, my back." By deposition conducted before the referee, Appellant called Dr. James Ballantyne, an orthopedic surgeon who had performed two decompression laminectomies on Appellee in an effort to relieve extradural pressure at the L4 and L5 levels of his backbone. Based upon his surgical findings and the history of the accident and prior work record given him by Appellee, Dr. Ballantyne was of the opinion that Appellee's disability was causally related to the September 15, 1969 injury. Appellant then offered the testimony of Dr. Rex H. Newton who had provided rehabilitative treatment following the surgery. Dr. Newton concurred in the operative diagnosis of Dr. Ballantyne, but he was of the opinion that this condition was causally related to an injury Appellee sustained when he was employed by H & H Foundry in 1966. He testified further that Appellee's disability was limited to ten percent. It is obvious that the referee was then confronted with conflicting medical evidence calling for the exercise of his best judgment. Although we might have reached a different conclusion, the referee in concluding that the testimony of Dr. Ballantyne was credible was within his competence, and we cannot conclude that his rejection of Dr. Newton's testimony constituted a capricious disregard of competent evidence. *Van Horn v. Workmen's Compensation Appeal Board, supra; Stringe v. S & S Maintenance Co.,* 8 Pa. Commonwealth Ct. 619, 303 A. 2d 874 (1973).

Remaining for our consideration is Appellant's contention that the Board's order of December 13, 1973, dismissing its appeal, is so indefinite as to deprive it of due process of law. This order directed Appellant to resume payments to Appellee pursuant to the compensation agreement "until such time as it shall be finally determined whether [Appellant] and/or H & H Foundry[4] are totally

---

4. On September 20, 1971, Appellee filed a reinstatement petition against H & H Foundry, alleging a recurrence of a back

or partially liable for payment of compensation to the [Appellee] by reason of [Appellee's] total disability, and appropriate reimbursement, if any, to [Appellant] is ordered when such determination has been made." Appellant's argument is based upon the apparent inconsistency of this order and the Board's prior order, of March 19, 1973, that "compensation shall be made by H & H Foundry and [Appellant] in equal proportions to the amount of the award." Where Appellant's argument fails is that the prior order of March 19th was entered on Appellant's petition for a supersedeas of the referee's interim order of December 20, 1972 reinstating compensation payments under the agreement pending determination of the respective liabilities of Appellant and H & H Foundry. The Board's supersedeas order reimposed joint liability upon the two defendants, pursuant to Section 410, 77 P.S. §751,[5] until both the Appellant's termination

---

injury covered by compensation agreement with H & H Foundry which was suspended on August 29, 1966.

5. Section 410, *as amended* by the Act of December 28, 1959, P.L. 2034, §5, then provided in pertinent part as follows:

"Whenever any claim for compensation is presented to the board or a referee *and the injury and accident are not denied,* and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the referee or the board shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the referee or the board render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case." (Emphasis supplied.) This section has since been amended by the Acts of February 8, 1972, P.L. . . . ., No. 12, §3, and March 29, 1972, P.L. . . . ., No. 61, §23, to delete the language emphasized above. As the petitions involved here were filed before the effective dates of these amendments, and clearly affect substantive changes, however, the 1959 amended version of

petition and Appellee's reinstatement petition against H & H Foundry were finally determined. On March 1, 1973, the referee dismissed Appellee's reinstatement petition against H & H Foundry, and Appellee filed an appeal therefrom. On February 26, 1973, the referee dismissed Appellant's termination petition and the instant appeal was taken to the Board by Appellant. The Board's December 13th order disposed of this appeal, and reimposed sole liability upon Appellant. As Appellee's appeal on his reinstatement petition was then pending, the Board properly made Appellant's liability subject to reimbursement by H & H Foundry should Appellee eventually prevail in that proceeding. With this procedural history as a background, we find no uncertainty in the Board's December 13, 1973 order. Consistent with the foregoing, we enter the following

ORDER

AND NOW, this 17th day of January, 1975, the appeal of Westinghouse Electric Corporation in the above captioned case is dismissed, and Westinghouse Electric Corporation is ordered to resume payments of compensation to Joseph F. Jablonski for total disability at the rate of Sixty Dollars ($60.00) per week from June 30, 1970 into the indefinite future, together with legal interest on all deferred installments, all within the limits of the Pennsylvania Workmen's Compensation Act.

---

Section 410 controls. *Cf. Universal Cyclops Steel Corp. v. Krawczynski, supra.* We make no comment upon the correctness of either the referee or Board's order reimposing joint liability on Appellant and H & H Foundry when the existence of Appellee's injury and disability was denied.