Richard WALKER, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (TEMPLE UNIVER-
SITY HOSPITAL), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2001.
Decided Jan. 23, 2002.
Reargument Denied March 22, 2002.

Lisa A. Lesh, Philadelphia, for petition-
er.

Walter F. Kawalec, III, Philadelphia, for
respondent.

Before SMITH–RIBNER, Judge,
PELLEGRINI, Judge, and MIRARCHI,
Jr., Senior Judge.

SMITH–RIBNER, Judge.

Richard Walker appeals from an order
of the Workers' Compensation Appeal
Board (Board) that affirmed the order of a
Workers' Compensation Judge (WCJ) who
granted Temple University Hospital's
(Employer) request for a vocational expert
interview under Section 314(a) of the
Workers' Compensation Act (Act), Act of

June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651(a). That section provides in part that an injured employee must submit to an expert interview by an appropriate health care provider or other expert if requested by the employer. Walker contends that the WCJ's findings were not supported by substantial competent evidence and that the WCJ erred as a matter of law in granting Employer's expert interview petition for an injury that occurred prior to the effective date of the Act of June 24, 1996, P.L. 350 (Act 57).

Walker suffered a neck and right-shoulder injury on January 22, 1996 while working for Employer, and Employer accepted liability and issued a notice of compensation payable on April 8, 1996. Thereafter, Walker failed to appear for two appointments for vocational interviews that Employer had scheduled with Jeffrey D. Kimmich, a vocational case manager with LRC Disability Management Consultants, Inc. Employer filed a petition in March 1999 for a vocational expert interview. Walker answered that he was not required to attend the interview because he was not subject to Section 314(a) of the Act as amended by Act 57 and because Kimmich was unqualified. Employer contended that Section 314(a) is procedural in nature and neither determined the parties' rights nor altered the factual requirements necessary to establish any entitlement. Employer also asserted that Kimmich was qualified based on Department of Labor and Industry regulations at 34 Pa.Code §§ 123.201 and 123.202.

The WCJ concluded that Section 314(a) of the Act applied to Walker because it is procedural in nature and that legislation which is procedural in nature and does not affect a claimant's substantive rights may be applied retroactively. *In re Starr*

*Transit Co., Inc.,* 55 Pa.Cmwlth. 46, 423 A.2d 751 (1980). The WCJ ordered Walker to attend a vocational interview with Kimmich. The WCJ also determined that a vocational interview conducted under Section 314(a) must be conducted by an expert approved by the Department as required under Section 306(b)(2), 77 P.S. § 512(2), and that Kimmich is an approved vocational expert because he meets the standards delineated in 34 Pa.Code §§ 123.201 and 123.202 and therefore is considered to be an expert approved by the Department.

■ On Walker's appeal, the Board relied on *DeMatteis v. DeMatteis,* 399 Pa.Super. 421, 582 A.2d 666 (1990), to determine that the WCJ correctly applied Section 314(a) retroactively because it did not affect a substantive right. The Board also determined that Kimmich was properly found to be an approved expert because he met the qualifications set forth in 34 Pa. Code § 123.202. The Board stated as follows with respect to the regulation:

> [it] accepts certification by the Commission on Rehabilitation Counselor Certification and more than one year experience in analyzing labor market information and conditions, industrial and occupational trends, with primary duties providing actual vocational rehabilitation services. Since there is no dispute that Mr. Kimmich has been certified by the Commission on Rehabilitation Counselor Certification and has at least eight years of experience as a Vocational Case Manager, this Board is satisfied that he is a qualified expert, approved by the Department.

Board's opinion, at pp. 5–6.[1]

■ Walker argues that Sections 306(b)(2) and 314(a) of the Act do not

1. The Court's review of the Board's order is limited to determining whether constitutional

apply because his January 1996 accident preceded the June 24, 1996 enactment of Act 57, which requires an employee to submit to an expert interview.[2] There was no statutory provision prior to Act 57 that compelled a claimant to be interviewed by a vocational expert. *RCA Corporation v. Workmen's Compensation Appeal Board*, 46 Pa.Cmwlth. 411, 406 A.2d 588 (1979). Walker notes that Act 57 provides that Section 306(b)(2) applies only to injuries sustained after June 26, 1996, and he argues that this requirement cannot be circumvented by the argument that an employer is entitled to a vocational interview under Section 314(a) when that section does not create a right distinguishable from Section 306(b)(2). Section 306(b)(2) provides in part: "In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by an expert approved by the department and selected by the insurer."

Employer responds that the retroactive application of a statute is proper where the statutory requirement is procedural rather than substantive. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). The interview requirement is procedural because Section 306(b) establishes the method for enforcing a right but has no bearing on whether a claimant has a legal entitlement to relief. *McCormick v.*

*Workers' Compensation Appeal Board (City of Philadelphia)*, 734 A.2d 473 (Pa. Cmwlth.1999). Furthermore, the possibility of a temporary suspension of benefits is merely a procedural tool necessary to insure that a claimant respects the established procedure for determining whether he or she can perform other work.

■ Walker further argues that adoption of regulations by the Bureau of Workers' Compensation (Bureau) detailing the criteria for conducting earning-power assessment interviews improperly transferred vocational expert approval from the Department to a WCJ. The legislature's unambiguous intent was to require employees to be interviewed by experts who had been approved and certified by the Department, which assures an employee that the vocational expert is competent. Employer counters, however, that the Act does not mandate the individual assessment of vocational experts or that the Department must assemble a list of qualified experts. Employer argues that the Court must defer to the Department's interpretation of Section 306(b)(2) as set forth in 34 Pa.Code § 123.202. Also Section 314(a) requires the WCJ to evaluate the expert, and the WCJ is available to ultimately determine an expert's qualifications.

The Court concludes that the WCJ incorrectly determined that a vocational ex-

---

rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

2. On January 26, 2001, after Walker attended the vocational interview, Employer filed a motion to quash Walker's appeal because Walker had rendered the basis of the appeal moot by attending the vocational interview. The Court directed that the motion to quash be listed with the merits. Employer relies on *Cytemp Specialty Steel Div., Cyclops Corp. v.*

*Pennsylvania Public Utility Commission*, 128 Pa.Cmwlth. 349, 563 A.2d 593 (1989), to argue that the appeal is moot and should be quashed because Walker submitted to the vocational interview. Walker maintains that the appeal falls within an exception to the mootness doctrine inasmuch as the issue is capable of repetition but is likely to evade judicial review, and he had no choice but to attend the interview to retain his benefits. The Court agrees that the appeal is not moot and that a decision should be made on the merits, and it therefore denies Employer's motion to quash.

pert who meets the standards delineated in 34 Pa.Code § 123.202 may be considered an expert approved by the Department. Subchapter C of 34 Pa.Code Chapter 123 is entitled "Qualifications for Vocational Experts Approved by the Department," and the regulations state in relevant part:

### § 123.201. Purpose.

This subchapter interprets provisions of the act which require the Department to approve experts who will conduct earning power assessment interviews under sections 306(b)(2) and 449 of the act (77 P.S. §§ 512(b)(2) and 1000.5). The experts contemplated by this subchapter are vocational evaluators.

### § 123.202. Qualifications.

To be an expert approved by the Department for the purpose of conducting earning power assessment interviews, the individual shall possess a minimum of one of the following: [enumerating a list of necessary qualifications, including certification by certain recognized professional organizations, experience and education among other things].

### § 123.203. Credibility determinations.

Credibility determinations relating to the experts contemplated by this subchapter are within the province of the workers' compensation judge.

The only role specified for the WCJ in the regulations is to render credibility determinations. *See Caso v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 790 A.2d 1078 (Pa. Cmwlth.2002). In addition, Section 123.202 provides only for the minimum criteria that an individual must meet for the Department to approve the individual as an expert, and approval as an expert is not automatic. Thus Employer is incorrect when it contends that the Court must follow the Department's interpretation of

Section 306(b)(2). That section unequivocally requires prior approval by the Department of a vocational expert before the insurer may require an employee to submit to an interview with the vocational expert. Because of the Court's ruling, it is unnecessary to address Walker's remaining arguments concerning the retroactive application of Section 314(a) or whether substantial evidence existed to support the WCJ's findings. The Court accordingly reverses the Board's order.

### ORDER

AND NOW, this 23rd day of January, 2002, the order of the Workers' Compensation Appeal Board is reversed. The Court also denies the motion to quash filed by Respondent Temple University Hospital.