**Mario CASO, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SCHOOL DISTRICT OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 2001.

Decided Jan. 11, 2002.

Reargument En Banc Denied March 11, 2002.

Grant of Reconsideration in Part March 11, 2002.

As Amended March 14, 2002.

---

Mark R. Schmidt, Media, for petitioner.

Sandra R. Craig, Philadelphia, for respondent.

1. The decision in this case was reached prior to the date that Judge Kelley assumed the status of senior judge on December 31, 2001.

Before SMITH–RIBNER, Judge, KELLEY, Judge,[1] and JIULIANTE, Senior Judge.

SMITH–RIBNER, Judge.

Mario Caso appeals from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a Workers' Compensation Judge (WCJ) and directed Caso to submit to an interview with a School District of Philadelphia (Employer) vocational counselor pursuant to Employer's petition to compel Caso to undergo a physical examination or an expert interview. Caso contends that the Board erroneously determined that a Workers' Compensation Judge has the authority to approve a vocational counselor for purposes of Section 306(b)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512(2).[2]

Caso suffered a lumbar strain and right wrist contusion on February 26, 1998 while working for Employer, and he is currently receiving benefits pursuant to a notice of compensation payable dated March 30, 1998. Employer filed a Petition to Compel Expert Interview, alleging that Caso had refused or failed to appear for a vocational interview with Mr. Peter Lento, a certified rehabilitation counselor. Employer requested that the WCJ compel Caso to attend an interview with Lento.

After holding a hearing, the WCJ concluded that the Bureau of Workers' Compensation has not compiled a list of vocational experts who are "approved by the Department" in accordance with Section 306(b)(2) of the Act; that Caso is not required to submit to a vocational inter-

2. This matter was reassigned to the opinion writer on September 25, 2001.

view with an individual who has not been approved; and that WCJs lack jurisdiction to approve vocational experts. The WCJ explained:

> The intent of the Legislature, in essence, to allow only "pre-approved" individuals to conduct a vocational interview promotes "certainty" for *all* parties. A claimant could submit to a vocational interview with full knowledge the vocational expert was competent to perform the earning power assessment. An employer, moreover, could rely upon the opinion of the vocational expert with full knowledge a claimant in a modification/suspension proceeding could not challenge the legal competency of the individual performing the study.

WCJ's decision, at p. 4.

The Board concluded that nothing in the Act requires the Bureau to compile a list of approved vocational experts. The Board interpreted Section 306(b)(2) of the Act as merely "requiring a vocational evaluator to possess a minimum level of expertise and professionalism necessary to conduct earning power assessment interviews." Board's opinion, at p. 4. The Board explained that the Bureau regulations found at 34 Pa.Code §§ 123.201 and 123.202 "clearly contemplate that a workers' compensation judge will certify a particular consultant as an expert witness pursuant to the criteria set forth therein." *Id.* Accordingly, the Board reversed the WCJ and ordered Caso to submit to a vocational interview with Lento.

The Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

The Workers' Compensation Act must be liberally construed to effectuate its humanitarian purposes with borderline interpretations resolved in favor of the injured employee. *Hoffman v. Workers' Compensation Appeal Board (Westmoreland Hosp.),* 559 Pa. 655, 741 A.2d 1286 (1999). The Court defers to an agency's interpretation of the law that the agency applies. *Key v. Workmen's Compensation Appeal Board (Chestnut Hill Hospital),* 673 A.2d 39 (Pa.Cmwlth.1996). Deference, however, is not required where the agency's interpretation is unreasonable. *Nolan v. Department of Public Welfare,* 673 A.2d 414 (Pa.Cmwlth.1996).

Section 306(b)(2) of the Act provides in relevant part:

> "Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area. ... In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by an expert *approved by the department* and selected by the insurer.

(Emphasis added). Because the word "approved" is not defined by the Act, it must be interpreted in accordance with its ordinary usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). To "approve" means "[t]o give formal sanction to; to confirm authoritatively." Black's Law Dictionary 98 (Seventh Ed.1999). Thus in ordinary usage an expert approved by the Department is one who has been formally sanctioned and confirmed authoritatively by the Department to assess an employee's earning power.

■ By its plain language, Section 306(b)(2) of the Act is intended to allow insurers to assess an employee's earning power without recourse to a WCJ by requiring the employee to submit to a vocational interview with an expert selected by the insurer. The Section protects the employee by limiting the insurer's choice of an expert to one approved by the Department. The Board, however, concluded that approval under Section 306(b)(2) can be accomplished by WCJ certification of a vocational expert after the interview has already taken place pursuant to the list of criteria set forth in Bureau regulations. The Board's interpretation of Section 306(b)(2) is unreasonable for a number of reasons. First, the language of the Section clearly mandates that the vocational experts be approved by the Department prior to the time when the insurer requires the employee to submit to an interview by the expert. Therefore, a process by which a WCJ certifies the vocational expert *after* the insurer has required the employee to submit to the interview cannot reasonably satisfy Section 306(b)(2). The Court must presume that the legislature did not intend a result that is absurd, impossible of execution or unreasonable. *See* Section 1922(1) of the Statutory Construction Act, 1 Pa.C.S. § 1922(1); *Pelter v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 844 (Pa.Cmwlth.1995).

Second, the Board's interpretation effectively divests insurers of the authority granted to them by Section 306(b)(2). Instead of having the authority to require employees to submit to an interview, insurers must petition the WCJ to certify a vocational expert on a case-by-case basis. Third, the Bureau and WCJs are not synonymous with the Department. Although, as Employer correctly notes, the Bureau is part of the Department and has authority to promulgate regulations explaining and enforcing the Act on behalf of the Department, the Bureau has not promulgated a regulation authorizing WCJs to approve vocational experts on behalf of the Department.

Employer argues that the Department authorized WCJs to approve vocational experts through Bureau regulations found at Subchapter C, Chapter 123, Title 34 of the Pennsylvania Code, 34 Pa.Code §§ 123.201–123.203. Subchapter C is entitled "Qualifications for Vocational Experts Approved by the Department," and the regulations state in relevant part:

§ 123.201. **Purpose.**

This subchapter interprets provisions of the act which require the Department to approve experts who will conduct earning power assessment interviews under sections 306(b)(2) and 449 of the act (77 P.S. §§ 512(b)(2) and 1000.5). The experts contemplated by this subchapter are vocational evaluators.

§ 123.202. **Qualifications.**

To be an expert approved by the Department for the purpose of conducting earning power assessment interviews, the individual shall possess a minimum of one of the following: [enumerating a list of necessary qualifications, including certification by certain recognized professional organizations, experience and education among other things].

§ 123.203. **Credibility determinations.**

Credibility determinations relating to the experts contemplated by this subchapter are within the province of the workers' compensation judge.

The only role mentioned for the WCJ is to make credibility determinations. Moreover, Section 123.202 provides only the minimum criteria that a person must meet for Department approval as an expert, and such approval is not automatic.

Employer further argues that a list of vocational experts similar to the list produced for utilization review proceedings is neither necessary nor desirable. Employer compares an employee's submission to a vocational interview to an interview with a physician, arguing that should the insurer require the employee to submit to an interview with an unqualified vocational expert then any such mistake can be remedied at the hearing with an objection to the expert's testimony. This argument overlooks the fact that Section 306(b)(2) requires prior approval of the vocational expert before the insurer may require a vocational interview and the fact that approved vocational experts play a significant role in the statutory framework of the Act as amended by the Act of June 24, 1996, P.L. 350.[3] The Court accordingly reverses the order of the Board.

### ORDER

AND NOW, this 11th day of January, 2002, the order of the Workers' Compensation Appeal Board is reversed.

JIULIANTE, Senior Judge, Dissenting.

I respectfully dissent. I agree with the Board that the Bureau's regulations at 34 Pa.Code §§ 123.201—123.203 clearly contemplate that a WCJ approve vocational experts on behalf of the Department and that nothing in the Act requires that vocational experts be *pre-approved* by the Department. I also agree with the Board that Section 306(b)(2) was intended to ensure that vocational experts meet a level of expertise required to properly conduct earning power assessment interviews and that a proceeding before a WCJ is the proper forum for parties to resolve issues regarding the vocational expert's qualifications.[1]

Specifically, 34 Pa.Code § 123.202 provides: *"To be an expert approved by the Department* for the purpose of conducting earning power assessment interviews, *the individual shall possess a minimum of one of the following: ...."* (Emphasis added). The Bureau, acting on behalf of the Department, promulgated 34 Pa.Code § 123.202 to establish the qualifications necessary for a vocational counselor to be approved as a vocational expert for purposes of Section 306(b)(2) of the Act. As a result, when a WCJ determines that a vocational counselor meets those requirements, he or she is, in actuality, *approved by the Department.*

Nevertheless, the Majority believes that the Board's determination that a WCJ has the authority to determine whether a voca-

---

**3.** Reference to approved vocational experts also appears in Section 449(d) of the Act, 77 P.S. § 1000.5(d), which provides in part:

> No compromise and release shall be considered for approval unless a vocational evaluation of the claimant is completed and filed with the compromise and release and made a part of the record: Provided, however, That this requirement may be waived by mutual agreement of the parties or by a determination of a workers' compensation judge as inappropriate or unnecessary. The vocational evaluation shall be completed:
> (1) by a *qualified vocational expert approved by the department*; or

(2) by the department on a fee-for-service basis.
(Emphasis added.)

**1.** As Employer notes, the General Assembly was well aware that it is the function of the WCJ in workers' compensation proceedings to determine whether witnesses, including medical witnesses, qualify as experts, regardless of the fact that the WCJs are also responsible for determining the credibility of those witnesses. *See Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 22 Pa.Cmwlth. 469, 349 A.2d 793 (1975) (it is within the discretion of the WCJ to determine whether an expert witness's knowledge or experience justifies admitting his opinion).

tional expert meets the requirements of 34 Pa.Code § 123.202 is erroneous inasmuch as the Bureau has not promulgated a regulation authorizing WCJs to appoint vocational experts on behalf of the Department. I disagree.

Section 212 of The Administrative Code of 1929 (Administrative Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 72, provides that the heads of the administrative departments shall "establish such bureaus or divisions in their respective departments, boards or commissions, as may be required for the proper conduct of the work of such departments, boards or commissions." As indicated by the Organizational Chart for the Department of Labor and Industry, attached in the Appendix to 4 Pa.Code § 9.1, the Bureau operates under the observation and control of the Department. In addition, in accordance with Section 202 of the Administrative Code, 71 P.S. § 62, the Board was also placed in and made a part of the Department.

Moreover, pursuant to Sections 401.1 and 435(a) of the Act, 77 P.S. §§ 710 and 991, the Department shall promulgate rules and regulations consistent with the Act. In the area of workers' compensation, the Department promulgates its rules and regulations through the Bureau. As such, the Bureau is not a separate and distinct entity from the Department. Rather, the Bureau is an arm of the Department responsible for promulgating regulations that explain such provisions of the Act as Section 306(b)(2). Consequently, if a vocational expert meets the requirements established by the Bureau in 34 Pa.Code § 123.202, he or she *is* an expert approved by the Department.

In addition, the Board's interpretation of 34 Pa.Code § 123.202 is consistent with the opinion of the Bureau's Legal Division as reflected by the March 11, 1999 letter from Richard A. Himler, the Bureau's former Director. That letter stated in pertinent part:

It has come to my attention that there is confusion surrounding the issue of whether the Department is required to establish a list of "approved" vocational experts under Act 57. Please be advised that it is the opinion of the Legal Division that such a list is not required. The regulations set forth minimum qualifications for vocational experts performing interviews to assess the earning power of an employe under the Workers' Compensation Act. Individuals need only satisfy one of the criteria set forth in at 34 Pa.Code section 123.202 (relating to Qualifications) in order to be approved by the Department. Ultimately, it is the decision of the Workers' Compensation Judge to accept or reject an individual as an "expert" qualified to conduct an earning power assessment based on these qualifications. Hence a rejection based solely on the fact that an individual does not appear on a list of "approved" experts is not valid. Further, as specified in 34 Pa.Code section 123.203 (relating to Credibility determinations) the question of credibility remains within the sole province of the Workers' Compensation Judge.

Employer's Ex. E–2; R.R. 7a.

As the Board noted, although this letter does not have the legal effect of a regulation, it is nonetheless a viable and workable interpretation of the Act and the Bureau's regulations. I believe that it is the correct interpretation of the Bureau's regulations and, therefore, I would affirm the order of the Board.