Michael WHEELER, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (READING HOSPI-
TAL AND MEDICAL CENTER), Re-
spondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 21, 2003.

Decided July 17, 2003.

Kenneth C. Myers, Reading, for petitioner.

Patrick T. Cusick, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Michael Wheeler (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the workers' compensation judge (WCJ) denying the petition to modify his total disability benefits. On appeal, we are asked to decide, *inter alia*, whether Claimant waived his objections to the competency of Employer's vocational expert to conduct a vocational interview and testify at the deposition due to his failure to object to lack of approval of the expert's qualifications by the Department of Labor and Industry (Department) under Section 306(b)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(2). We affirm.

The relevant facts found by the WCJ are as follows. Claimant sustained a back injury on October 9, 1996 in the course of his employment with the Reading Hospital and Medical Center (Employer) as a valet and began receiving total disability benefits pursuant to a notice of compensation payable. On November 13, 2000, Employer filed a petition to modify Claimant's benefits as of November 1, 2000 based on a labor market survey.

To support the petition, Employer presented the deposition testimony of Robert Mauthe, M.D., who examined Claimant on August 16, 2000 and reviewed his medical record. Dr. Mauthe testified that Claimant suffered from a lumbar fusion and that his preexisting degenerative condition was aggravated by the October 9, 1996 work incident. Dr. Mauthe opined that Claimant was able to return to a full-time sedentary position with certain restrictions. Employer's occupational claims specialist testified that Employer did not have an available position within the restrictions imposed by Mauthe and that she sent Claimant a notice of ability to return to work on August 18, 2000.

Employer also presented the deposition testimony of its vocational counselor, Terry Leslie, who is certified by the Commission on Rehabilitation Counselor Certification and the American Board of Vocational Experts and has been a vocational counselor for the Social Security Administration since 1987. At the beginning of the deposition, Claimant's attorney stated that he had no objection to Leslie's qualification to testify as a vocational expert. Leslie testified that he interviewed Claimant on July 11, 2000 to assess Claimant's earning power at Employer's request; after the interview, he located several available sedentary positions within the restrictions imposed by Dr. Mauthe; and, Claimant had the earning capacity of $137.78 a week based on his assessment. Leslie's deposition testimony was admitted into evidence without objections. Employer also presented surveillance videotapes taken by the private investigators and their deposition testimony.

In opposition to the petition for modification, Claimant testified that he was not capable of performing duties of the sedentary positions located by Leslie. Claimant

acknowledged, however, that he was able to get dressed, bathe, fix meals, use a computer for two and one half hours a day and drive for forty minutes at a time. Claimant also presented the deposition testimony of his treating physician, Stanley Grabias, M.D. Dr. Grabias testified that Claimant suffered from extensive multi-level lumbar spondylosis and that Claimant was still experiencing pain in the back, hip and leg and was not capable of performing the duties of the positions located by Leslie.

Accepting as credible the testimony of Dr. Mauthe, Leslie and Employer's lay witnesses and rejecting the conflicting testimony of Claimant and Dr. Grabias, the WCJ found that Claimant was capable of returning to a sedentary position and that Employer did not have an available position within his restrictions. The WCJ, however, denied the petition for modification concluding that Employer failed to show available jobs within Claimant's restrictions in the Reading area, despite his acceptance of Leslie's testimony as credible.

In so concluding, the WCJ relied on *Caso v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 790 A.2d 1078 (Pa.Cmwlth.2002), *appeal granted*, 569 Pa. 710, 805 A.2d 526 (2002), which was decided on January 11, 2002 after the close of the record in this matter. In *Caso*, this Court interpreted Section 306(b)(2) of the Act, which was adopted under the 1996 amendment to the Act and became effective before Claimant's work injury. Section 306(b)(2) provides in relevant part:

'Earning power' shall be determined by the work the employe is capable of performing and shall be *based upon expert opinion evidence* which includes job listings with agencies of the department, private job placement agencies and advertisement in the usual employment area. Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skills, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment area in which the employe lives within this Commonwealth.... In order to accurately assess the earning power of the employe, the insurer *may require* the employe to submit to an interview by an expert *approved by the Department* and selected by the insurer. (Emphasis added.)

This Court held in *Caso* that under Section 306(b)(2), a vocational expert's qualifications to interview a claimant for earning capacity assessment must be approved by the Department *prior to* an employer's request for the interview and that the WCJ lacks authority to certify the vocational expert as possessing the minimum qualifications set forth in 34 Pa.Code § 123.202 at a later proceeding. It is undisputed that Leslie did not have the Department's approval of his qualifications as a vocational expert when he interviewed Claimant and testified in this proceeding.[1]

Employer appealed the WCJ's decision contending, *inter alia*, that the holding in *Caso*, which concerned the employer's petition to compel the claimant to attend the interview, is inapplicable to this matter because Claimant voluntarily attended the vocational interview unlike *Caso*. Claimant also appealed, challenging the WCJ's find-

---

**1.** Employer states in its brief that the Department subsequently approved Leslie as a voca-tional expert after the close of the record.

ing that he was capable of returning to sedentary work located by Leslie.

The Board concluded that the WCJ's finding of Claimant's capability to return to a sedentary position is supported by substantial evidence. The Board further concluded that Claimant waived the lack of the Department's approval of Leslie's qualifications by voluntarily attending the interview and failing to object to the admission of Leslie's deposition testimony into evidence.[2] The Board accordingly denied Claimant's appeal, reversed the WCJ's denial of the Employer's petition and ordered modification of Claimant's disability benefits based on Leslie's assessment of his earning power of $137.78 a week. Claimant's appeal to this Court followed.[3]

Claimant contends that (1) the Board erred in considering *sua sponte* whether he waived the lack of the Department's approval of Leslie's qualifications required by Section 306(b)(2) of the Act and *Caso;* (2) he did not waive the lack of the Department's approval of Leslie's qualifications; (3) Section 306(b)(2) mandates that his earning power be determined based on an opinion of an expert approved by the Department; and (4) because Leslie was not approved by the Department at the time of the vocational interview and the deposition, his testimony cannot constitute competent evidence supporting the assessment of his earning capacity.[4]

2. In considering the merits of Claimant's appeal, the Board noted that Claimant did not have standing to appeal because the WCJ ruled in his favor by denying the petition for modification. It is well established that a party must be aggrieved by an order to have standing to appeal the order. *Beers v. Unemployment Compensation Board of Review,* 534 Pa. 605, 633 A.2d 1158 (1993). The party, who is not adversely affected in any way by the order, is not an aggrieved party. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). Because Claimant prevailed in the modification proceeding before the WCJ, he was not an aggrieved party with standing to appeal. In *Saint Thomas Township Board of Supervisors v. Wycko,* 758 A.2d 755 (Pa.Cmwlth.2000), *appeal denied,* 567 Pa. 718, 785 A.2d 92 (2001), we held that the prevailing party was permitted to file a "protective cross-appeal" in order to preserve the issues presented below. It is apparent that *Wycko* is in direct conflict with the well-established case law on standing. *See also* the note to the 2002 amendment to Pa. R.A.P. 511, specifically disapproving *Wycko* and stating that "[a]n appellee should not be required to file a cross-appeal because the Court below ruled against it on an issue, as long as the judgment granted appellee the relief it sought."

3. This Court's review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988). Although inapplicable to this matter, the capricious disregard standard of review is now an appropriate component of appellate consideration if such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002).

4. Employer contends that certain documents, including Claimant's supplemental memorandum of law submitted to the WCJ after the close of the record to discuss *Caso,* should be stricken from the reproduced record because they are not part of the certified record. If a party wishes to rely on a document, the party must request that such document be certified by the agency. *Steglik v. Workers' Compensation Appeal Board (Delta Gulf Corp.),* 755 A.2d 69 (Pa.Cmwlth.2000), *appeal denied,* 564 Pa. 720, 764 A.2d 1075 (2000). We note, however, Employer failed to file a motion to strike those documents from the reproduced record and that Employer itself included in its supplemental reproduced record various documents which are not part of the certified record. Therefore, we will consider the merits of the appeal without striking those documents from the reproduced record.

Claimant's contention that the Board improperly raised the waiver issue *sua sponte* is not supported by the record. In its appeal to the Board, Employer alleged that the WCJ erred in concluding that Leslie's testimony cannot support Claimant's earning capacity, where Claimant voluntarily attended the vocational interview without objecting to his qualifications as a vocational expert. Employer's allegations in essence raised the issue of whether Claimant waived the lack of the Department's approval of Leslie's qualifications under Section 306(b)(2). Therefore, we reject Claimant's contention.

■ Further, Claimant's reliance on *Caso* is misplaced. *Caso* involved the employer's petition to *compel* the claimant to attend a vocational interview by an expert. Unlike *Caso*, Claimant in this matter voluntarily attended the vocational interview conducted by Leslie and did not challenge the lack of the Department's approval of his qualifications. This Court's holding in *Caso* that the Department's prior approval of an expert's qualifications is required to compel the employee to attend a vocational interview does not support Claimant's argument that a vocational interview by an expert approved by the Department is mandatory for earning capacity assessment. Section 306(b)(2) of the Act provides that the insurer "may" require the employee to submit to an interview by a vocational expert approved by the Department "[i]n order to accurately assess the earning power of the employe." Under the plain language in Section 306(b)(2), a vocational interview by an expert approved by the Department is optional, not mandatory, to assess the claimant's earning power. Therefore, the lack of the Department's approval of Leslie's qualifications to conduct the vocational interview under Section 306(b)(2) was a waivable issue.

■ It is well established that an issue is waived unless it is preserved at every stage of the proceeding. *Nabisco Brands, Inc. v. Workers' Compensation Appeal Board (Tropello),* 763 A.2d 555 (Pa. Cmwlth.2000). The strict doctrine of waiver applies to a workers' compensation proceeding. *Hinkle v. Workers' Compensation Appeal Board (General Electric Co.),* 808 A.2d 1036 (Pa.Cmwlth.2002); *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Co.),* 703 A.2d 1080 (Pa.Cmwlth.1997), *appeal denied,* 555 Pa. 748, 725 A.2d 1223 (1998). The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the "integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury" is preserved. *Smith v. Workmen's Compensation Appeal Board,* 543 Pa. 295, 300 n. 6, 670 A.2d 1146, 1149 n. 6 (1996) (quoting *DeMarco v. Jones & Laughlin Steel Corp.,* 513 Pa. 526, 532, 522 A.2d 26, 29 (1987)).

■ It is undisputed that Claimant voluntarily attended the vocational interview without objecting to the lack of the Department's approval of Leslie's qualifications to conduct the interview. Therefore, Claimant waived the lack of the Department's approval under Section 306(b)(2). The fact that Claimant was not represented by an attorney at that time does not excuse his failure to raise the objection to preserve the issue. *See Griffith v. Workers' Compensation Appeal Board (New Holland North America, Inc.),* 798 A.2d 324 (Pa.Cmwlth.2002) (a layperson who chooses to represent himself or herself in a legal proceeding must assume the risk that the lack of legal training and expertise may prove his or her undoing).

■ Likewise, Claimant's contention that Leslie was not competent to testify as to his earning capacity assessment due to

the lack of the Department's approval is without merit. Section 306(b)(2) of the Act provides that the claimant's earning power must be determined "based upon expert opinion evidence." Under Section 306(b)(2), therefore, the Department's approval of the vocational expert is not a prerequisite to competency of his or her earning capacity assessment.

It is well established that objections to a witness' competency to testify at the deposition are waived if they are not raised before or during the deposition where the ground for the objections are known to the objecting party. Rule 4016(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 4016(b); *Fruehauf Trailer Corp. v. Workers' Compensation Appeal Board (Barnhart)*, 784 A.2d 874 (Pa. Cmwlth.2001), *appeal denied*, 568 Pa. 726, 797 A.2d 917 (2002); *School District of Philadelphia v. Friedman*, 96 Pa.Cmwlth. 267, 507 A.2d 882 (1986).

■ Employer filed the petition for modification based on Leslie's earning capacity assessment. In his answer to the petition, Claimant did not raise the issue of Leslie's qualifications to make such assessment. At the deposition, Claimant's attorney stated that he had no objection to Leslie's qualifications to testify as a vocational expert and the admission of his deposition testimony into evidence. Hence, Claimant waived his objections to the competency of Leslie's testimony, and the Board correctly concluded that Claimant's disability benefits should be modified based on Leslie's testimony accepted by the WCJ as credible.

Accordingly, the order of the Board is affirmed.[5]

5. Due to our disposition, it is unnecessary to address Employer's alternative contention that the WCJ erred in reinstating Claimant's total disability because the impairment rating evaluation performed in 2000 pursuant to

*ORDER*

AND NOW, this 17th day of July, 2003, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

Section 306(a.2) of the Act, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, established his partial disability status.