**ALTOONA WHOLESALE DISTRIB-UTORS and Kemper Insurance Companies, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2003.

Decided Jan. 30, 2004.

Michael J. Wagner, Altoona, for petitioners.

Larry D. Lashinsky, Hollidaysburg, for respondent.

BEFORE: FRIEDMAN, Judge, COHN, Judge and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

Altoona Wholesale Distributors (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) dismissing Employer's Petition for Modification or Suspension. On appeal, we are asked to decide whether David Bell (Claimant) waived his objection to the admission into evidence of a labor market survey prepared by Employer's vocational expert whose qualifications had not been approved by the Department of Labor and Industry (Department) under Section 306(b)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512(2).[1]

■■■ The WCJ made two findings of fact in this case. First, he found that Claimant sustained a work-related injury while in the course and scope of his employment, and Employer subsequently filed a Petition to Modify or Suspend Claimant's workers' compensation benefits alleging that, pursuant to results of an Act 57[2] labor market survey, modified employment was available to Claimant within appropriate restrictions.[3] WCJ Decision, Circulated 5/14/02, Finding of Fact No. 1. Second, the WCJ noted that, at the second hearing in this matter,[4] Claimant's counsel presented a motion to dismiss Employer's Petition to Modify or Suspend "in accordance with recent case law[5] regarding approved vocational experts." *Id.,* Finding of Fact No. 2. The WCJ made one conclusion of law, stating, in pertinent part,

1. Section 306(b)(2) states, in pertinent part:

   "Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area ... In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by an expert approved by the department and selected by the insurer.

2. Act of June 24, 1996, P.L. 350.

3. Claimant filed an answer denying the allegation; Claimant noted that he was presently unable to perform any work activities due to his work injury, and substantiated this claim by providing the opinion of his physician.

4. A supersedeas hearing was held before the WCJ on December 18, 2001.

5. The parties were referring to *Caso v. Workers' Compensation Appeal Board (School District of Philadelphia),* 790 A.2d 1078 (Pa. Cmwlth.2002), which has recently been reversed by our Supreme Court, at — Pa. —, 839 A.2d 219 (2003), and *Walker v. Workers' Compensation Appeal Board (Temple University Hospital),* 792 A.2d 628 (Pa.Cmwlth.2002) which followed the holding in *Caso.* In addition, in his conclusion of law, the WCJ relied on a footnote in *Summit Trailer Sales v. Workers' Compensation Appeal Board (Weikel),* 795 A.2d 1082 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 569 Pa. 727, 806 A.2d 865 (2002), which states, in pertinent part:

   [I]t is worth noting that there is no indication in the record of this case that the

Section 306(b)(2) of the Act requires expert opinion testimony to be presented by an expert approved by the Department. Without such approval, the testimony of the expert is not competent to meet the Employer's burden under Section 306(b)(2) ... Because the expert vocational testimony in this case was based on an interview conducted by an expert not then approved by the Department, the Employer does not have sufficient competent evidence to proceed.

(WCJ Decision, Circulated 5/14/02, Conclusion of Law No. 1.) The WCJ then dismissed Employer's petition. Employer appealed to the Board, claiming that the WCJ erred as a matter of law in dismissing its petition because Claimant's objection to the vocational expert's lack of approval by the Department was untimely; Employer noted that the "vocational testimony had already been submitted relative to the labor market survey without objection." (Appeal from WCJ's Findings of Fact and Conclusions of Law, Received 5/20/02.) The Board, finding no merit in Employer's contentions, affirmed the WCJ's order. Employer now appeals to our Court, asserting that the Board erred in affirming the WCJ's decision when Claimant had voluntarily attended the Employer's vocational interview without objecting to the lack of the Department's approval of the expert's qualifications. Stated another way, Employer, in essence, raises the issue of whether Claimant waived his objection to the admission of the labor market survey because of the lack of the Department's approval of the vocational counselor's qualifications under Section 306(b)(2), by attending the interview.[6]

■■■ Claimant, the WCJ and the Board, relied on the holdings in *Caso v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 790 A.2d 1078 (Pa.Cmwlth.2002), *reversed* —— Pa. ——, 839 A.2d 219 (2003), *Walker v. Workers' Compensation Appeal Board (Temple University Hospital)*, 792 A.2d 628 (Pa. Cmwlth.2002), and *Summit Trailer Sales v. Workers' Compensation Appeal Board (Weikel)*, 795 A.2d 1082 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 569 Pa. 727, 806 A.2d 865 (2002). However, in light of the Supreme Court's reversal of *Caso*, that reliance is no longer valid. These cases stood for the proposition that an employer could not compel a claimant's participation in a vocational interview when the vocational counselor had not been approved pursuant to the dictates of Section 306(b)(2). Under the Supreme Court's *Caso* decision, however, the law *now* holds that (1) there is no requirement that the Department "pre-approve" interviewers, and (2) a WCJ is authorized to

---

expert opinion testimony offered by Employer was presented by "[a]n expert approved by the department," as required under Section 306(b)(2) of the Act. In light of the recent opinions of this Court in *Walker* and *Caso*, it would appear that an employer is required to establish such approval, as a foundation for the competency of the expert testimony, in meeting its burden under Section 306(b)(2).

795 A.2d at 1089 n. 9.

6. Our review in a workers' compensation case, where, as here, both parties presented evidence before the WCJ and the Board takes no additional evidence, is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002). Questions of credibility and the weight of the evidence are within the exclusive province of the WCJ, who is free to accept or reject testimony or evidence, in whole or in part. *Haynes v. Workers' Compensation Appeal Board (City of Chester)*, 833 A.2d 1186 (Pa.Cmwlth.2003).

consider the qualifications of an interviewer in light of the Bureau's regulations. *Caso*, slip op. at 4–5. Accordingly, the WCJ in the case *sub judice* must consider the qualifications of the vocational interviewer and evaluate the contents of the labor market survey.[7]

Based on the foregoing discussion, the order of the Board is reversed, and the case is remanded to the Board with directions that it remand to the WCJ for consideration on the merits of Employer's Petition for Modification or Suspension.

### ORDER

**NOW**, January 30, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed, and the case is remanded to the Board with directions that it remand to the Workers Compensation Judge for consideration on the merits of Employer's Petition for Modification or Suspension.

Jurisdiction relinquished.

---

**7.** We note that even if Caso had not been reversed, under this court's holding in *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730 (Pa.Cmwlth.2003), Claimant waived the lack of Departmental approval by voluntarily attending the interview. Therefore, the result in this case would have been the same.